■ RENAULT, INC., Respondent, v. AUTO IMPORTS, LTD., et al., Appellants. — Defendants appeal from an order entered September 20, 1963 which granted plaintiff's motion to strike defendants' jury demand, and from an order entered October 29, 1963 which denied its motion to resettle an earlier order of May 10, 1963 which restored the case to the Nonjury Calendar for September 4, 1963. Involved in both orders appealed from is defendants' right to a jury trial. A brief recital of some of the motions and orders entered thereon might serve to clarify the picture. On November 13, 1962 plaintiff filed a note of issue and statement of readiness placing the cause on the Nonjury Calendar. Thereafter defendants moved to strike the same, urging that pretrial proceedings had not been completed. This motion was granted by an order entered December 21, 1962, with leave to plaintiff, to apply for restoration if the pretrial proceedings were not completed within 90 days from publication and entry of the order. Plaintiff again moved on April 30, 1963 to restore the case to the Trial Calendar, and the motion was granted by order entered May 10, 1963 and the " cause restored to the appropriate non-jury calendar" for September 4, 1963. On May 14, 1963 defendants filed a jury demand and the cause was transferred to the Jury Calendar. This was within 10 days after the filing of the note of issue (CPLR 4102, subd. [a]; Civ. Prac. Act, § 426, subd. 5). And no prejudice is shown by plaintiff to have resulted. However, this demand was returned by plaintiff who later moved on July 24 by motion returnable August 7, 1963 to strike the defendants' jury demand. The motion to strike was granted at Special Term, the Justice there presiding stating that he was bound by the earlier order of May 10, 1963. It is from that order that Appeal No. 1 is taken. The order of May 10, 1963 merely granted a restoration to the Nonjury Trial Calendar and specifically referred to the earlier order of December, 1962, meanwhile extending defendants' time 60 days to complete pretrial proceedings. The question of a jury demand was not before the court at that time. Plaintiff in the order entered December 21, 1962 had been granted leave to so move if pretrial proceedings were not completed within the time set. Thus, for all practical purposes the note of issue was effective upon the

court granting leave to file same. Accordingly the jury demand of May 14, 1963 was timely. The order of September 20, 1963 appealed from is reversed on the law, with $10 costs and disbursements to the appellants. Plaintiff's motion to restore the action to the Trial Calendar which resulted in the order of May 10, 1963 was opposed by the defendants on the ground that pretrial discovery had not been completed. When plaintiff's motion was granted defendants appealed therefrom. The order appealed from was affirmed (19 A D 2d 814). While the appeal was pending defendants sought resettlement of the order of May 10, 1963 so as to add the words "with leave to defendants to file jury demand." This motion was correctly denied as untimely and it was pointed out that the Appellate Division had already affirmed the earlier order of May 10, 1963 which granted restoration of the case to the calendar. This order appealed from is affirmed, with $10 costs and disbursements to the respondent. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.