■ LAURENCE LANE et al., Respondents, v HELEN MARSHALL, Appellant, et al., Defendant. — In an action to compel defendant Helen Marshall to turn over to plaintiffs a certain stock certificate and promissory note, upon the ground that the conveyances thereof were fraudulent with respect to creditors, defendant Marshall appeals from so much of a judgment of the Supreme Court, Nassau County (Levitt, J.), entered July 28, 1981, as, after a nonjury trial, directed her to execute a stock power assigning and transferring a 20-share stock certificate to plaintiffs and further directed her to execute a certificate assigning and transferring a promissory note in the amount of $13,000 to

plaintiffs. Defendant Marshall also appeals (1) from an order of the same court (Niehoff, J.), dated October 20, 1980, which granted plaintiffs a trial preference, (2) from so much of a further order of the same court (Velsor, J.), dated October 23, 1980, as denied her cross motion to vacate the statement of readiness, but granted her leave to conduct discovery proceedings, and (3) from a third order of the same court (Velsor, J.), dated December 22, 1980, which denied her motion to compel the County Clerk to accept for filing her demand for a jury trial. Appeals from the orders dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment reversed, insofar as appealed from, on the law, and action dismissed. The order dated December 22, 1980 is vacated, and defendant Marshall's motion to compel the County Clerk to accept a demand for a jury trial is granted with respect to her counterclaims. The demand is to be served and filed within 20 days after service on defendant Marshall of a copy of the order to be made hereon, with notice of entry. Defendant Marshall is awarded one bill of costs payable by plaintiffs. By order dated August 24, 1978, the trustee in bankruptcy was "authorized to execute any documents necessary to transfer to [plaintiffs herein] the Trustee's right, title and interest in and to the twenty (20) shares of stock issued by Colvin Motor Parts of Long Island, Inc., in the name of [the bankrupt's wife], and the $13,000 Promissory Note executed by Colvin * * * [also] payable to [the bankrupt's wife] upon payment * * * in the sum of $2,500." That same day, the trustee in bankruptcy issued to plaintiffs herein a bill of sale transferring "all [his] right, title and interest, *if any,* as * * * Trustee in and to" the above-described stock certificate and note (emphasis supplied). Thereafter, plaintiffs commenced this action, naming the bankrupt's wife, Helen Marshall, as defendant. Plaintiffs seek, in effect, to declare the issuance of the note and stock certificate to the bankrupt's wife a fraudulent conveyance. The wife appeals from so much of a judgment as declared the transaction a fraudulent conveyance and argues, *inter alia,* that plaintiffs have no standing to bring this action under the doctrine enunciated in *Matter of Downing* (192 F 683, affd 201 F 93) and relied upon by the trial court. In *Downing* (192 F, at p 688, *supra*), the court specifically stated that "if [the] trustee in bankruptcy, even under and pursuant to an order of this court authorizing and directing him so to do, should sell and by deed transfer to the purchaser all his right, title, and interest in and to the [property] in question, he would not convey anything and the purchaser would not obtain anything, no title, no possession, no right to possession, and no right to prosecute an action to set aside the alleged fraudulent deed. There must be a valid transfer by the trustee in bankruptcy to the purchaser of the right to bring an action to set aside such alleged fraudulent [transfer]". Thus, while an assignee may bring the cause of action where the trustee's interest in the property and his right to bring the action are expressly assigned (see, e.g., *McGhee v Leitner,* 41 F Supp 674; *Adcock v New Crystal Ice Co.,* 144 Tenn 511), there is no standing where, as here, the transfer fails to expressly include the trustee's cause of action. Inasmuch as the power of Congress under article I (§ 8, subd 4) of the Constitution of the United States to establish uniform laws on the subject of bankruptcy is paramount and exclusive of any State laws which may be in "actual conflict with the system provided by the Bankruptcy Act of Congress" (*Stellwagen v Clum,* 245 US 605, 613), it necessarily follows that this court is bound by the interpretations of the Federal courts in relation to the scope and effect of a trustee's sale of a bankrupt's assets under the Bankruptcy Act, as expressed in *Matter of Downing* (*supra*). Where the national policy of bankruptcy law is specifically involved, as distinguished from a determination of rights and obligations under substantive law, Federal bankruptcy law governs (see *Matter of Rosen,* 157 F2d 997, cert den *sub nom. Fisch v Standard Factors*

*Corp.,* 330 US 835; *Matter of Godwin Bevers Co.,* 575 F2d 805, 807; *Matter of Overmyer Co.,* 12 B R 777, 10 Collier, Bankruptcy, p 389). Since the complaint must be dismissed, defendant Marshall's counterclaims are not academic and she is entitled to a jury trial with respect thereto. Plaintiffs served and filed a notice of issue on or about August 18, 1980, without a demand for a jury trial. Defendant Marshall's demand for a jury trial on her counterclaims was not served within 15 days after service of the notice of issue as required by CPLR 4102 (subd [a]); the jury demand was not served until on or about October 31, 1980. She claims that she failed to timely request a jury trial as she was awaiting a decision on plaintiffs' motion for a preference and her cross motion to strike the note of issue and vacate the statement of readiness. In view of the absence of prejudice to the plaintiffs, the fact that defendant Marshall had no intention of waiving a jury trial, and her prompt application to be relieved from her default, the motion to file a jury demand should be granted as to the counterclaims (see CPLR 4102, subd [e]; *Calspan Corp. v Fingermatrix, Inc.,* 84 AD2d 826; *Milton A. Jacobs, Inc. v Manning Mfg. Corp.,* 23 Misc 2d 507). We also note that defendant Marshall conducted discovery proceedings prior to trial. Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.