OPINION OF THE COURT
Samuel Greenstein, J.
Defendant moves herein to strike the plaintiff’s jury demand. The facts are as follows:
Plaintiff initially filed a notice of trial without demanding a jury in January, 1980. The case was stricken from the calendar; plaintiff filed a second notice of trial to restore it, again without demanding a jury, in February, 1981. The case was again stricken from the calendar; plaintiff’s subsequent motion to restore was granted in November, 1982, upon condition that plaintiff serve and file a new notice of trial.
It is this third notice of trial which is in controversy. In this notice of trial plaintiff has demanded a trial by jury. Defendant, joined by the third-party defendant, moves to strike this jury demand, taking the position that plaintiff has waived his right to demand a jury trial by the two other notices of trial without such demand; plaintiff con *253 tends that the filing of the new notice of trial is ab initio, without regard to any prior notices. Accordingly, plaintiff contends that he may demand a jury trial as of right, as long as such demand is timely.
The area is not replete with precedent to guide the court in its decision. The leading case, indeed one of the only cases, on this issue is Fleischer v Institute for Research in Hypnosis (52 AD2d 828). In Fleischer the First Department held, in a case in which the note of issue had been stricken, that the jury demand also fell with the striking of the note of issue and a new jury demand could only be served when there was a new note of issue.
Fleischer involved an interpretation of CPLR 4102, a statute which closely parallels section 1303 of the CCA, which governs the demand of jury trials in the Civil Court.
Following the reasoning of Fleischer, if a jury demand falls with the striking of the note of issue; then the converse should also be true: that a failure to demand a jury trial also falls with the striking of the note of issue. In other words, when a case is restored to the calendar, it starts fresh, unencumbered by any prior notes of issue or demands for a jury or failures to demand a jury. This conclusion would also seem to be supported by another First Department case, Renault, Inc. v Auto Imports (20 AD2d 700), in which the Appellate Division held timely a demand by a defendant for a jury trial, made within 10 days after the granting of plaintiff’s motion to restore a stricken case to the calendar, even though neither party had previously demanded a jury trial when the first note of issue had been filed.
Under the general authority of the above cases, this court is of the opinion that the plaintiff was entitled under subdivision (a) of section 1303 of the CCA to demand a jury trial as of right, if such demand was timely made. Here the demand was made with the last notice of trial and was therefore timely.
In addition, if a plaintiff does not demand a jury trial with the filing of a notice of trial, it is still within the court’s discretion to relieve him from the effect of failing to demand a jury trial, if there is no undue prejudice to the *254 rights of another party (CCA, § 1303, subd [c]). There is no proof before this court that there is any actual prejudice to any other party. (See Calspan Corp. v Fingermatrix, Inc., 84 AD2d 826; Lane v Marshall, 89 AD2d 579.)
For all the above reasons, the defendant’s motion is denied.