OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiff moves for an order permitting it to file a jury demand nunc pro tune. A note of issue was filed on June 13, 1989. Counsel states that "through inadvertence” the note of issue failed to contain a demand for trial by jury. Plaintiff served a jury demand on defendant nine days later and attempted to file the same, but it was rejected by the clerk’s office. This motion followed.
Defendant opposes the motion. Defendant points out that an earlier note of issue filed in August 1987 also did not contain a demand for a jury trial. In May 1988, the case was marked *158 off the calendar because then-counsel for plaintiff was expected to appear as a witness in the case. The attorneys who bring this motion and who filed the second note of issue are substitute counsel. Defendant argues that plaintiff waived the right to a jury trial in 1987 and has now waived it again, that there was no mere inadvertence here, and that allowing the jury demand would permit any plaintiff who wanted to change a tactical decision to attain that end by having the case marked off on some pretext.
I am of the view that plaintiff waived the right to a jury trial. It has been held that the failure to demand a jury trial falls with the note of issue, that is, that the restoration of the case to the Trial Calendar reactivates the right to demand a jury. (Romulus v Katz, 117 Misc 2d 252 [Civ Ct 1983].) This decision, however, was based upon two precedents that seem to me distinguishable. In one of these, Fleischer v Institute for Research in Hypnosis (52 AD2d 828 [1st Dept 1976]), the court vacated a note of issue and demand for a jury trial. On appeal, the plaintiff sought to challenge the vacatur of the demand for a jury trial on one cause of action, but not the striking of the note of issue itself. The First Department stated that with the striking of the note of issue, the jury demand also fell and that "[a] new jury demand may only be served when there is a new note of issue.” (Supra, at 828.) It was premature, the court said, to decide on the appeal whether the plaintiff would at that point be entitled to a jury trial. The Romulus court viewed this decision as support for the proposition that a new note of issue affords an opportunity to make a jury demand not made in the first note. The case, however, did not involve an issue of waiver. The first note of issue had contained a jury demand. The case simply concerned when it was appropriate to address the issue of whether a substantive right to a jury trial applies to a particular cause of action. The case thus does not indicate that the right to demand a jury, unused in the first instance, can be reactivated.
In the second case relied upon, Renault, Inc. v Auto Imports (20 AD2d 700 [1st Dept 1964]), the plaintiff filed a note of issue without a jury demand. Defendants moved to strike the note and the motion was granted with leave to restore after discovery. Plaintiff some months later moved to restore and the case was restored to the nonjury calendar. Defendants then promptly made a jury demand. The Appellate Division held that the note of issue was effective upon restoration and the jury demand was timely. This case too did not involve an *159 apparent waiver. The jury demand was made by the defendants, not the plaintiff. It does not appear that there was any waiver argument as to the defendants because they had promptly moved to strike the note of issue in the first instance. Discovery had only first been completed and the note of issue effective when the case was restored to the calendar, at which time the defendants immediately made their jury demand.
The CPLR does not provide that a second note of issue permits reactivation of the right to demand a jury ab initia. It does provide that the failure to demand a jury within the specified time constitutes a waiver. (CPLR 4102 [a].) A court is authorized by CPLR 4102 (e) to relieve a party from a waiver, but nothing is said about an automatic right to demand a jury despite a waiver in the event a second note of issue is filed. In my view, CPLR 4102 (e) should govern if its standards can be satisfied rather than as a matter of law to allow plaintiff a second shot at a jury (actually, here, a third shot) simply because a second note was required. There is little question that had plaintiff moved in May 1988 for permission to file a late jury demand, the motion would in all likelihood have been denied because of plaintiff’s months of delay. The mere fact that a new note of issue was required here in order for plaintiff to get back on the calendar — which requirement was imposed only so that the calendar is not burdened with stale cases — should not give plaintiff an opportunity to rethink and undo its waiver. The court could just as easily have marked the case off with leave to restore upon motion or stipulation under the original note of issue. Had that been done, the instant motion would almost surely fail.
This motion, then, should be governed by subdivision (e). Subdivision (e) permits a court the power to relieve a party from a waiver "if no undue prejudice to the rights of another party would result.” The defendant here has not argued or established that it will be prejudiced. (See, e.g., Calspan Corp. v Fingermatrix, Inc., 84 AD2d 826 [2d Dept 1981].) The case is on the November Trial Calendar of this court and that status is unaffected by the decision on this motion. Further, it should be noted that the plaintiff attempted to file his jury demand at a time sufficiently in advance of trial so that defendant would not have been inconvenienced in its preparations for a jury trial. But absence of prejudice alone is not the test. Plaintiff offers no explanation whatsoever for its "mistake” in not opting for a jury when filing the original note of issue nor for *160 its failure between August 1987 and May 1988 to move to correct the "mistake”. The court cannot but conclude that the failure was not inadvertent and therefore there is no reason at this late date to grant this motion. Celerity in seeking to correct the error or oversight is required for relief under subdivision (e). (Lane v Marshall, 89 AD2d 579 [2d Dept], appeal dismissed 57 NY2d 955 [1982]; Fils v Diener, 59 AD2d 522 [2d Dept 1977].) Furthermore, the movant must provide an "adequate factual showing that the failure * * * to demand a jury trial was inadvertent and that [the movant] had no intention to waive [the] right to a jury trial”. (Zelvin v Pagliocca, 32 AD2d 561 [2d Dept 1969]; see also, Calspan Corp. v Fingermatrix, Inc., supra; Fils v Diener, supra.) Plaintiff has failed to make the required showing.
Moreover, plaintiff has not even adequately explained its failure to demand a jury the second time around. All plaintiff says on the point is that the jury demand was omitted "through inadvertence.” But the failure to make the demand was not a simple omission or oversight. Someone had to check the "nonjury” rather than the "jury” box on the note of issue and then file the note without payment of a jury fee. (Joseph v Exxon Corp., 83 AD2d 549 [2d Dept 1981].) Having already filed one note of issue months before in which no jury was demanded, plaintiff was on notice of the problem. Plaintiff produces no factual explanation for this failure. (See, Keller v Keller, 66 AD2d 960 [3d Dept 1978] [omission of a factual affidavit of explanation is fatal to a late jury demand].)
To grant this motion (after delay and a failure of explanation) would be to afford this plaintiff a third opportunity to demand a jury trial. While modern practice eschews technicalities and rightly so, the system works because the Bench and Bar are duty bound to follow the rules promulgated by the Legislature. The courts merely interpret what the Legislature has wrought and that analysis makes clear that the day has yet come when the lack of prejudice alone may be the alpha and omega of all statutory interpretation. The motion is therefore denied.
This constitutes the decision and order of the court.