OPINION OP THE COURT
Edgar G. Walker, J.
Defendants’ motion seeking leave to amend their answer to assert the affirmative defense that the plaintiff lacks the legal capacity to sue pursuant to CPLR 3025 (b), deeming the answer served, and dismissing the plaintiff’s individual cause of action pursuant to CPLR 3211 (a) (3) is denied in its entirety.
On December 10, 2013 the plaintiff filed a voluntary petition under chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court, Eastern District of New York. This case arises out of a motor vehicle accident that occurred on February 22, 2014. The plaintiff commenced this action on March 10, 2014. The plaintiff never listed his personal injury claim against the defendants as an asset on his schedule B form, which is required to be filed with the voluntary petition. On March 13, 2014, the plaintiff was granted a discharge by the United States Bankruptcy Court pursuant to 11 USC § 727.
In support of their motion the defendants argue that the complaint should be dismissed as the plaintiff lacks the legal capacity to bring this suit due to his failure to list it on his schedules at any point during the pendency of the bankruptcy despite his knowledge of the cause of action prior to the bankruptcy discharge.
In opposition to the defendants’ motion, the plaintiff argues that the defendants’ motion must fail because the motor vehicle accident at issue occurred “after the commencement of the bankruptcy, and is therefore, by definition, not part of the bankruptcy estate.”
In reply to the plaintiff’s opposition to their motion, the defendants contend that the plaintiff “incorrectly interprets the law regarding the filing of the bankruptcy petitions, ignoring the fact that if and when a claim accrues during the pendency of the bankruptcy, plaintiff’s failure to include it in his petition will later deprive plaintiff of the legal capacity to sue on those omitted claims.”
The defendants cite to several decisions of the Appellate Division which appear to support their position. However, in certain unique areas of law which either according to the Constitution or federal legislation require a uniform body of *530 national law, state courts are bound to follow federal law. (Alvez v American Export Lines, 46 NY2d 634 [1979].) Bankruptcy law is one such area. (Lane v Marshall, 89 AD2d 579 [2d Dept 1982].)
The Bankruptcy Code provides that the bankruptcy estate is comprised of property of the debtor “as of the commencement of the case.” (11 USC § 541 [a] [1].) This court is “bound to apply the statute as interpreted by Supreme Court decision or, absent such, in accordance with the rule established by lower Federal courts if they are in agreement.” (Flanagan v Prudential-Bache Sec., 67 NY2d 500, 506 [1986]; see also Alvez.) Only in the absence of such federal precedent are state courts free to interpret the statute without reference to the decision of any lower federal courts. (Flanagan.)
The question of whether, under the current Bankruptcy Code, a cause of action which accrues after commencement of a bankruptcy case but prior to discharge has not been addressed by the United States Supreme Court.* When the state cases cited by the defendants were decided there had been a split among the Federal District Courts which had addressed the issue. However, there is now uniformity among the Federal Courts of Appeals which have interpreted the federal statute that such a cause of action belongs to the debtor and not the estate. (Cadle Co. v Schlichtmann, 267 F3d 14 [1st Cir 2001]; In re Jackson, 593 F3d 171 [2d Cir 2010]; In re Majestic Star Casino, LLC, 716 F3d 736 [3d Cir 2013]; In re Avis, 178 F3d 718 [4th Cir 1999]; In re Burgess, 438 F3d 493 [5th Cir 2006]; In re Shelbyville Rd. Shoppes, LLC, 775 F3d 789 [6th Cir 2015]; In re Stinnett, 465 F3d 309 [7th Cir 2006]; In re Vote, 276 F3d 1024 [8th Cir 2002]; In re Mwangi, 764 F3d 1168 [9th Cir 2014]; Patrick A. Casey, P.A. v Hochman, 963 F2d 1347 [10th Cir 1992]; In re Witko, 374 F3d 1040 [11th Cir 2004].) Therefore, this court is no longer bound by the earlier decisions of the Appellate Division to the contrary. Pursuant to the federal rule a cause of action accruing after the filing of the bankruptcy petition is the property of the debtor. As such, the plaintiff has the capacity to sue and the defendants’ motion is denied in its entirety.

 But see Everett v Judson (228 US 474 [1913]), which held that pursuant to a similar provision in a prior Bankruptcy Code, the trustee has vested title to property “as it was at the time of the filing of the petition.” (228 US at 478.)