Moncho v Miller (2021 NY Slip Op 06960)





Moncho v Miller


2021 NY Slip Op 06960


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 155382/17 Appeal No. 14838-14838A Case No. 2020-02794 

[*1]Lee Moncho et al., Plaintiffs-Appellants,
v
Harry Miller Also Known as Chaim Miller, et al., Defendants, Jonathan Pasternak, et al., Defendants-Respondents.


Law Offices of Thomas J. Goodman, New York (Thomas J. Goodman of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York (Robert J. Bergson of counsel), for Jonathan Pasternak, respondent.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Joan Martino of counsel), for Delbello Donnellan Weingarten Wise & Wiederkehr LLP, respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered June 15, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the first, fifth, eighth, ninth, and thirteenth causes of action in the second amended complaint, unanimously modified, on the law, to deny defendant Jonathan Pasternak's motion to dismiss the eighth and ninth causes of action, to deny defendant DelBello Donnellan Weingarten Wise & Wiederkehr LLP's (DelBello) motion to dismiss the thirteenth cause of action, and to deny defendant Sam Sprei's motion to dismiss the fifth cause of action but to limit damages to $200,000, and otherwise affirmed, without costs. Order, same court and Justice, entered November 20, 2020, to the extent, upon reargument, it dismissed the fourteenth cause of action and denied plaintiffs' cross motion to renew, unanimously affirmed, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Plaintiff 261 East 78 Realty Corp. (Realty) commenced a bankruptcy proceeding on December 6, 2011. On January 4, 2013, Realty retained defendants Pasternak and DelBello to represent it in the proceeding. Plaintiffs then commenced this action, asserting claims for, inter alia, fraud and legal malpractice against defendants Pasternak and DelBello arising out of their representation of Realty in the bankruptcy proceeding.
The motion court erred in dismissing Realty's claims for lack of capacity to bring those claims. The Bankruptcy Code provides that "[t]he commencement of a case . . . creates an estate, which] is comprised of . . . (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case" (11 USC § 541[a]). Neither plaintiffs nor defendants dispute that any claims which arose prior to the filing of the bankruptcy petition belong to the estate. Rather, the parties dispute whether Realty, as debtor, or the estate owns the claims asserted against Pasternak and DelBello, which arose after the filing of the bankruptcy petition.
This Court has previously held that a claim which arose after the filing of a bankruptcy petition was the property of the estate (see Barranco v Cabrini Med. Ctr., 50 AD3d 281, 282 [1st Dept 2008]; Williams v Stein, 6 AD3d 197, 198 [1st Dept 2004]). When those cases were decided, there was a split among the federal courts which had addressed the issue. However, there is now uniformity among the Federal Courts of Appeals, which have held that pursuant to section 541(a) of the Bankruptcy Code, a claim which arose after the filing of a bankruptcy petition belongs to the debtor and not the estate (Davidkin v Rizzuto, 55 Misc 3d 528 [Sup Ct, Kings County 2017]; see Cadle Co. v Schlichtmann, 267 F3d 14 [1st Cir 2001], cert denied 535 US 1018 [2002]; In re Jackson, 593 F3d 171 [2d Cir 2010]; In re Majestic Star Casino, LLC, 716 F3d 736 [3d Cir 2013]; In re Avis, 178 F3d 718 [4th Cir 1999]; In re Burgess, 438 F3d 493 [*2][5th Cir 2006]; In re Shelbyville Rd. Shoppes, LLC, 775 F3d 789 [6th Cir 2015]; In re Stinnett, 465 F3d 309 [7th Cir 2006]; In re Vote, 276 F3d 1024 [8th Cir 2002]; In re Mwangi, 764 F3d 1168 [9th Cir 2014]; Patrick A. Casey, P.A. v Hochman, 963 F2d 1347 [10th Cir 1992]; In re Witko, 374 F3d 1040 [11th Cir 2004]). As this Court is bound by federal law when making a determination on this issue (see Lane v Marshall, 89 AD2d 579, 580 [2d Dept 1982], appeal dismissed 57 NY2d 955 [1982]), we follow the aforementioned federal holdings and find that because the claims at issue arose after the filing of the bankruptcy petition, the claims belong to Realty. Thus, Realty has the capacity to sue Pasternak and DelBello. 
Nevertheless, the fact that Realty owns the causes of action at issue does not resolve the issue of whether they are viable. Although the motion court stated additional grounds for dismissing the sixth through tenth, twelfth, and thirteenth causes of action, plaintiffs addressed these additional grounds with respect to the eighth, ninth, and thirteenth causes of action, and thus have abandoned their appeal from the dismissal of the sixth, seventh, tenth, and twelfth causes of action (see e.g. Hardwick v Auriemma, 116 AD3d 465, 468 [1st Dept 2014], lv denied 23 NY3d 908 [2014]).
The eighth cause of action (malpractice against Pasternak based on his failure to conduct due diligence on Sprei and defendant Harry Miller) and the ninth cause of action (malpractice against Pasternak based on his breach of the duty of loyalty) should not have been dismissed. Plaintiffs allege that Pasternak recommended that they use Sprei as their bankruptcy plan funder, discouraged them from using an alternate funder, and received a $25,000 kickback from Sprei for successfully recommending him. They further allege that before 2014 there were at least seven lawsuits filed against Sprei and/or Miller based on causes of action similar to the instant causes of action and that most if not all of the suits resulted in judgments adverse to Sprei and Miller.
Pasternak accurately notes that the actions involving Sprei and/or Miller were a matter of public record. However, a lawyer like Pasternak is in a better position than nonlawyers like plaintiffs to discover whether someone (e.g., Sprei and/or Miller) has been sued and judgment entered against them. Moreover, a client is entitled to trust his/its lawyer when the latter recommends a plan funder (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 9 [1st Dept 2008]). Pasternak is also correct that recommending one among several reasonable courses of conduct does not give rise to a legal malpractice claim. However, we cannot conclude as a matter of law that recommending Sprei — who had the above-discussed litigation history and gave Pasternak $25,000 for recommending him to plaintiffs — was a reasonable course of conduct.
With respect to whether Pasternak's negligence was a proximate cause of [*3]plaintiffs' losses, we cannot conclude as a matter of law, — in view of Pasternak's urging plaintiffs to use Sprei — that Sprei's misconduct was independent of Pasternak's (compare Excelsior Capitol LLC v K&L Gates LLP, 138 AD3d 492 [1st Dept 2016] [malpractice claim dismissed for lack of proximate cause where trial court's error in underlying action was an intervening cause, breaking any proximate cause by defendant attorneys], lv denied 28 NY3d 906 [2016]).
As for the damages element of malpractice, it is reasonable to infer that if Pasternak had not pushed plaintiffs to use Sprei, they would have used the alternate funder and would not have sustained injury (see Fielding v Kupferman, 65 AD3d 437, 442 [1st Dept 2009]). At the motion to dismiss stage, this is not speculative (see id.).
The ninth cause of action alleges malpractice based on Pasternak's breach of his duty of loyalty to plaintiffs. "It is well settled that the [attorney-client] relationship imposes on the attorney the duty to deal with undivided loyalty"] (Ulico, 56 AD3d at 9 [internal quotation marks and some brackets omitted]).
The vicarious liability claim against DelBello should not be dismissed. DelBello does not dispute that it employed Pasternak or that Pasternak was acting within the scope of his employment (see Riviello v Waldron, 47 NY2d 297, 302 [1979]). Its only argument is that it cannot be vicariously liable if all claims against Pasternak are dismissed. In view of our reinstatement of some claims against Pasternak, this argument is unavailing.
By contrast, the negligent supervision claim against DelBello cannot proceed, because DelBello will already be held liable for damage caused by any negligence of Pasternak, who was acting within the scope of his employment (see Weinberg v Guttman Breast & Diagnostic Inst., 254 AD2d 213 [1st Dept 1998]; Segal v St. John's Univ., 69 AD3d 702, 703 [2d Dept 2010]).
No appeal lies from the denial of a motion for reargument (Rodriguez v Nevei Bais, Inc., 158 AD3d 597, 598 [1st Dept 2018]). Plaintiffs contend that their motion to renew should have been granted due to a change in the law (see CPLR 2221[e][2]). However, they made their motion on the basis of new evidence. In any event, in light of our decision about Realty's standing/capacity, plaintiffs' appellate arguments about renewal are academic.
Although neither Sprei nor Miller has opposed plaintiffs' appeal, plaintiffs' argument that their fraud claim against these defendants should be reinstated is unavailing. Plaintiffs allege that Miller and Sprei represented that they would be able to fund a $14 million reorganization. However, "the alleged misrepresentations as to the availability of financing are non-actionable expressions of future expectations, not statements concerning an existing fact" (88 Blue Corp. v Staten Bldrs. Co., 176 AD2d 536, 538 [1st Dept 1991] ["The contract itself demonstrates (counterclaim plaintiffs') knowledge that such financing was neither [*4]secured nor definite at the time of contract formation"]).
The contract claim fails as against Miller, who was not a party to the alleged contract, the Second Amended Plan of Reorganization. Even if, as plaintiffs allege, the contract included the First Amended Summary of Indicative Terms (term sheet), the outcome would be the same because Miller was not a party to that document either.
Sprei signed the term sheet individually, but the term sheet says that if he fails to fully fund the Plan, the $200,000 deposit will be forfeited as liquidated damages to Realty. Plaintiffs allege that Sprei failed to provide sufficient funding, and Sprei did not submit documentary evidence refuting this allegation. Hence, the fifth cause of action
should not be dismissed as against him. However, under the express terms of the parties' contract, his liability is capped at $200,000.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021