Memorandum. We conclude that in the unusual circumstances disclosed in this record defendant was denied a fair trial as a matter of law. Accordingly the order of the Appellate Division should be reversed and the case remitted for a new trial.
An earlier motion that the Trial Judge disqualify himself because as a former District Attorney he had prosecuted this defendant for a prior offense, was renewed at the opening of the trial, and again denied. Thereafter in the course of the trial the Trial Judge, concluding that there might have been deficiencies in a pretrial suppression hearing conducted by another Judge who had denied suppression, arrogated to himself authority to remedy such perceived deficiencies and conducted what amounted to a supplemental suppression hearing. In so doing the court summarily rejected defense counsel’s cogent request that such a hearing, if any, be conducted out of the presence of the jury; as a result defendant was significantly handicapped in his participation in the hearing. Additionally the Judge injected himself into the trial and indulged in excessive questioning and unnecessary altercations with defense counsel.
While we cannot say that the Trial Judge’s failure to recuse himself was improper as a matter of law, nor indeed that any other conduct of the Trial Judge was by itself an error of law, *920 we are satisfied, when all are taken together, that defendant was deprived of his right to a fair trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtleb, Rabin and Stevens concur in memorandum.
Order reversed, etc.