OPINION OF THE COURT
Bellacosa, J.
A Judge, who during pretrial adjudication acquires information inadmissible before the fact finder of guilt or innocence, is not legally disqualified from conducting a bench trial which defendant chose based on a fully informed waiver of the jury trial right.
Defendant and two accomplices were indicted for offenses arising from a robbery of a Bronx service station during which an attendant was killed. A joint pretrial hearing resulted in a photo array being held inadmissible as unduly suggestive; a lineup identification being held admissible; an independent source basis being found for an in-court identification; and, a confession of one defendant implicating all three being held admissible. On motion, defendant Moreno’s trial was severed from the confessing codefendant’s trial and was consolidated with the other defendant’s. The consolidated case, itself even *405 tually severed also, was then assigned to a different Justice for trial, who first conducted and ruled on Sandoval (34 NY2d 371) matters with respect to defendant Moreno. Moreno’s attorney at one point advised the Trial Justice of the earlier suppressed photo array evidence.
Defendant Moreno then, against the advice of counsel, made an application to waive a jury trial. The court fully explained the pros and cons of jury and nonjury trials and explicitly informed Moreno during an allocution that, as the Judge who had presided at his Sandoval hearing, he would know more than a jury would about his criminal history. Defendant nevertheless duly waived the jury trial.
Moreno’s counsel subsequently indicated he was considering an application that the Trial Justice recuse himself because of his knowledge of Moreno’s criminal history and of the suppressed photo array. On the day the trial was to commence, counsel formally requested that the Trial Justice recuse himself, arguing that his pretrial acquired knowledge undermined the defense of misidentification. The Trial Justice refused, pointing out that Moreno was made aware of the scope of his knowledge during the allocution prior to executing the jury trial waiver, but he nevertheless offered to allow Moreno to withdraw his waiver. Defendant declined.
Moreno was tried nonjury and alone and was convicted of murder in the second degree, assault in the first degree, and attempted robbery in the first degree. At sentencing, he moved to set aside the verdict and for a new trial again on the recusal ground. The motion was denied. The Appellate Division affirmed the judgment of conviction.
Defendant argues that his right to a fair trial was violated because recusal is required to avoid the appearance of impropriety based on the bench Trial Judge’s pretrial acquired knowledge of defendant’s record and of inadmissible evidence of his involvement in the crimes charged.
Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal. This discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of "nonjuridical data” (People v Horton, 18 NY2d 355, 362; see also, People v Smith, 63 NY2d 41, 68; People v Patrick, 183 NY 52, 54). When the alleged impropriety arises from information derived during the performance of the court’s adjudicatory function, then recusal could surely *406 not be directed as a matter of law. A court’s decision in this respect may not be overturned unless it was an abuse of discretion (People v Tartaglia, 35 NY2d 918, 919-920; People v Horton, 18 NY2d 355, 362, supra).
Unlike a lay jury, a Judge "by reasons of * * * learning, experience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination” based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision (People v Brown, 24 NY2d 168, 172). Recognizing this key premise, "it suffices to say that there is no prohibition against the same Judge conducting a pretrial hearing as well as the trial itself’ (People v De Curtis, 63 Misc 2d 246, 249 [App Term], affd 29 NY2d 608 [suppression hearing Justice not disqualified from presiding over nonjury trial]; see also, People v Brown, 24 NY2d 168, supra [Huntley hearing Justice may preside over nonjury trial]; People v Latella, 112 AD2d 324 [Sandoval hearing Judge not disqualified from presiding at nonjury trial]).
Even the court’s appointment of special prosecuting counsel (People v Smith, 63 NY2d 41, 68, supra), prior association with a law firm employed by a party (Corradino v Corradino, 48 NY2d 894, 895), past prosecution of the defendant (People v Tartaglia, 35 NY2d 918, supra; People ex rel. Stickle v Fay, 14 NY2d 683; contra, People v Corelli, 41 AD2d 939), or past professional affiliation in a field specialized in by a party (Matter of Rotwein, 291 NY 116) do not require the disqualification of a Trial Justice.
Yet, this court has noted that it may be the better practice in some situations for a court to disqualify itself in a special effort to maintain the appearance of impartiality (Corradino v Corradino, 48 NY2d 894, 895, supra). Even then, however, when recusal is sought based upon "impropriety as distinguished from legal disqualification, the judge * * * is the sole arbiter” (People v Patrick, 183 NY 52, 54, supra; see also, e.g., People v Bartolomeo, 126 AD2d 375, 391, lv denied 70 NY2d 702 [Kaye, J.]; Matter of Johnson v Hornblass, 93 AD2d 732, 733).
In People v Zappacosta (77 AD2d 928, 930), the Appellate Division noted the presence of an "amalgam of peculiar circumstances” which required recusal despite a recognition of the rule that "there is no general prohibition against the same Judge conducting a bench trial as conducted preliminary hearings on the admissibility of evidence” (id., at 929). The *407 Trial Justice, during the plea allocution of Zappacosta’s codefendant wife, actively elicited information which incriminated Zappacosta. The information was not necessary to taking the wife’s plea, but "constituted information on the ultimate issue of appellant’s guilt which the court, as trier of fact, would not otherwise have had” (id., at 929). In analogizing to the rule which permits an individual who withdraws a guilty plea to request a trial before a different Judge (People v Selikoff, 35 NY2d 227) and noting its sensitivity to avoiding the appearance of partiality, the Appellate Division held in the exercise of its review function that defendant’s recusal motion should have been granted. That exceptional case may not be read to have erected an objective appearance of impropriety test premised on a presumption of irregularity or bias.
Rather, Matter of Johnson v Hornblass (93 AD2d 732, supra) is more to the point, noting that "[i]n the absence of a violation of express statutory provisions, bias or prejudice or unworthy motive on the part of a Judge, unconnected with an interest in the controversy, will not be a cause of disqualification, unless shown to affect the result” (id., at 733).
Insofar as the purportedly prejudicial information in this case was acquired through the court’s performance of its adjudicative responsibilities, the precatory suggestion for recusal as the "better practice” in Matter of Johnson v Hornblass (id.) and in Corradino v Corradino (supra) has no applicability. "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case” (United States v Grinnell Corp., 384 US 563, 583; see also, Berger v United States, 255 US 22, 31 ["bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case”]).
The radical test defendant advances, equating knowledge acquired as part of pretrial adjudication with an appearance of impropriety thus requiring recusal for bench trial purposes, finds no support in law, ethics or sound policy. It was not an abuse of discretion for the court to deny the recusal motion, so the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed.