■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GABRIEL FODELMESI, Respondent.

The evidence adduced at the hearing amply supports the court's determination that the defendant's statements were the product of an illegal custodial interrogation and should be suppressed (see, Dunaway v New York, 442 US 200). The initial detention of the defendant and pat-down search were not justified by a reasonable suspicion that he was involved in criminal activity or by a belief that he presented a danger of physical injury to the police officer (see, People v De Bour, 40 NY2d 210, 223; CPL 140.50). The stop was based on the defendant's resemblance to a composite sketch of a person the police sought to identify in connection with a murder investigation. The composite did not purport to depict the perpetrator but described a person who had been seen in the vicinity of the crime on the date in question.

Although the defendant, who is retarded, identified himself to the police officer and did not act suspiciously, he was prevented from carrying out his stated wish of going to his father and was frisked. Under these circumstances, we con-

clude that the hearing court did not err in holding that the defendant did not act voluntarily in waiting for the arrival of State Police officers and in accompanying them to the police barracks for questioning. A reasonable man, innocent of any crime, would have considered himself to be in custody *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The People conceded that they did not have probable cause to take the defendant into custody. Since the defendant's subsequent statements to the police were tainted by the illegal arrest, they must be suppressed.

In view of our decision, we need not consider the correctness of the hearing court's determination that the defendant's inability to intelligently waive his *Miranda* rights provided an alternative ground for suppressing his statements to the police.

Finally, the hearing court's decision not to recuse itself from the suppression hearing because of its participation in the defendant's competency hearing was not an improvident exercise of discretion *(see, People v Moreno,* 70 NY2d 403). Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.