■ In the Matter of WILLIAM HALL, Petitioner, v VINCENT DEL CASTILLO, as Chief of the New York City Transit Authority Police Department, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority Police Department, dated October 21, 1988, which, after a hearing, dismissed the petitioner from his position as a Transit Police Officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, who was employed as a police officer by the New York City Transit Authority Police Department, was charged with committing forcible sexual acts against two women, and assaulting them. The petitioner was convicted of assault in the third degree arising out of these two incidents, but was acquitted of the rape, sodomy, and sexual abuse charges. After a disciplinary hearing, the petitioner was dismissed from service.

Our scope of review is limited to ascertaining whether or not the Hearing Officer's finding that the petitioner was guilty of the charges against him in the disciplinary proceeding is supported by substantial evidence in the record. Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact *(see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights,* 77 NY2d 411, 417; *Matter of Berenhaus v Ward,* 70 NY2d 436, 443). Here, the testimony of each of the victims, if true, established all of the facts necessary to sustain the charges against the petitioner. The petitioner chose not to testify at the hearing. He contends that the testimony of the victims was incredible and should not have been believed. However, a Hearing Officer's decision to credit the testimony of a witness "is largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record" *(Matter of Berenhaus v Ward, supra,* at 443). Upon reviewing this record, we conclude that the testimony thus credited provided substantial evidence for the determination under review.

The petitioner contends that the Hearing Officer should have recused herself because she had already rendered a decision on this case after an ex parte hearing, which decision was vacated. We find that in this case the Hearing Officer was

not required to recuse herself as a matter of law, and that she did not improvidently exercise her discretion in declining to do so *(see, People v Moreno,* 70 NY2d 403, 405-406; *People v Tartaglia,* 35 NY2d 918, 919-920). Moreover, the punishment imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Berenhaus v Ward, supra; Matter of Ahsaf v Nyquist,* 37 NY2d 182; *Matter of Pell v Board of Educ.,* 34 NY2d 222).

We have reviewed the petitioner's remaining contentions and find them to be without merit *(see, Matter of Dean v Bradford,* 158 AD2d 772). Thompson, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.