■ In the Matter of MAGDALENA TORRES, Petitioner, v COUNTY OF WESTCHESTER et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Hospitals of the County of Westchester, dated September 29, 1989, which, after a hearing, found that the petitioner was guilty of misconduct and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The Commissioner of Hospitals of the County of Westchester charged the petitioner, who was employed at the laundry at the Westchester County Medical Center, with various counts of misconduct after an argument between the petitioner and a co-worker resulted in injury to the co-worker. After a hearing, the petitioner was found guilty of "recklessly and/or with intent caus[ing] serious injury to another employee", as well as "recklessly and/or with intent caus[ing] another employee serious injury by use of a dangerous instrument, that is, the hot-head presser".

"Our scope of review is limited to ascertaining whether or not the Hearing Officer's finding that the petitioner was guilty of the charges against [her] in the disciplinary proceeding is supported by substantial evidence in the record. Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(Matter of Hall v Del Castillo,* 174 AD2d 743). Here, the testimony of three witnesses established all of the facts necessary to sustain the charges against the petitioner. These witnesses testified that the petitioner and a co-worker were

involved in an argument over the use of a particular hot-head presser. Further, testimony established that the petitioner activated the hot-head presser, causing it to descend, preventing the co-worker from placing a shirt inside the machine, and burning the co-worker on the arm.

The petitioner contends that the Hearing Officer improperly credited the testimony of certain witnesses. However, a Hearing Officer's decision to credit the testimony of a witness "is largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record" *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of Hall v Del Castillo, supra).* Upon reviewing this record, we conclude that the testimony thus credited provided substantial evidence for the determination under review.

Contrary to the petitioner's contention, the Penal Law definitions of the terms used in the charges do not apply in this civil disciplinary proceeding. Moreover, the punishment imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443, *supra; Matter of Ahsaf v Nyquist,* 37 NY2d 182; *Matter of Hall v Del Castillo,* 174 AD2d 743, *supra).* Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.