■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL TORRES, Appellant. [673 NYS2d 72] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered June 28, 1995, convicting defendant, after a nonjury trial, of attempted assault in the first degree (two counts), assault in the second degree, assault in the third degree, and criminal possession of a weapon in the fourth degree (two counts), and sentencing him to three concurrent terms of 2 to 6 years concurrent with three concurrent prison terms of 1 year, unanimously affirmed.

Defendant was not deprived of a fair trial by questions briefly mentioning his pretrial silence, which were relevant to his relationship to an accomplice who testified at trial that defendant was an uninvolved bystander, or by questions to the accomplice about a prior bad act, jointly committed by the witness and defendant, where the purpose of questioning was to impeach the credibility of the witness. In a nonjury trial, the fact finder is deemed " 'uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" (*People v Moreno*, 70 NY2d 403, 406, quoting *People v Brown*, 24 NY2d 168, 172; *see also, People v D'Abate*, 37 NY2d 922, 923; *People v Bonilla*, 200 AD2d 369, *lv denied* 83 NY2d 849). Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.