■ In the Matter of JAMAR W., a Person Alleged to be a Juvenile Delinquent, Appellant. [703 NYS2d 10] —Order of disposition, Family Court, New York County (Clark Richardson, J.), entered January 29, 1998, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that appellant committed acts which, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fourth degree, and placed him with the Office of Children and Family Services for a period of three years, including confinement to a secure facility for a period of six months, unanimously affirmed, without costs.

The Family Court Act provides that the "judge who presides at the fact-finding hearing or accepts an admission * * * *shall* preside at any other subsequent hearing in the proceeding, including but not limited to the dispositional hearing" (Family Ct Act § 340.2 [2]; emphasis added), unless removal of the Judge from the proceeding becomes necessary "due to bias, prejudice or similar grounds" (Family Ct Act § 340.2 [3] [b]).

In this matter, although it is undisputed that the assistant corporation counsel's statements during her summation at the dispositional hearing were improper because they breached the terms of the plea agreement that had led to appellant's admission, which prompted an apology to the court and her adversary, it is also undisputed that she expressly retracted those remarks and that the court opined that it was not biased by the statements and intended to disregard them. More importantly, the court, which in any event was not bound by the plea agreement by its terms, specifically noted that it was basing its disposition on the evidence presented. Moreover, nothing was brought up during the summation which was not already before the court in either appellant's Mental Health Study, its addendum, or the Probation Department's Investigation and Report.

As noted by the Court of Appeals in *People v Moreno* (70 NY2d 403, 406, quoting *People v Brown,* 24 NY2d 168, 172) "[u]nlike a lay jury, a Judge 'by reasons of * * * learning, ex-

perience and judicial discipline, is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision" (*see also, People v Torres*, 249 AD2d 229, *lv denied* 92 NY2d 861). Accordingly, we perceive no reason to disturb the general rule of judicial continuity established by Family Court Act § 340.2 (2). (*See, Matter of Marvin R.*, 253 AD2d 679.) Concur—Sullivan, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.