McGinity, J.,
dissents and votes to reverse the judgment appealed from, on the law and as a matter of discretion in the interest of justice, and to order a new trial, with the following memorandum, in which Florio, J.P., concurs: The defendant stands convicted, after a nonjury trial, of having engaged in, inter alia, sexual conduct with his then eight-year-old stepdaughter. The defendant contends that he was deprived of a fair trial because the trial judge, who presided over the pretrial Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]), exhibited bias against him. I agree.
The defendant was charged with engaging in inappropriate behavior, commencing in 1997, with his then eight-year-old stepdaughter. In September 2000, the complainant told her mother that the defendant sexually assaulted her.
Insofar as relevant, the defendant signed two written confessions and confessed again in a detailed videotaped statement, indicating that he committed a variety of sexual acts with his stepdaughter. A pretrial Huntley hearing was conducted, at the conclusion of which, the hearing court denied suppression of the two written confessions and the tape-recorded confession. The hearing court stated:
*536 “Now let me ask just a couple of questions. The defendant has admitted his actions in this case. I don’t think there is no [sic] doubt about that, this is no secret, and the maximum penalty if he was convicted of the top count, which I am not saying he is going to be, but he faces 25 years in prison.
“Has there been any offer from the People? Will there be any offer from the People? Is there any movement for plea negotiations because what I would like to do is keep this case and try it. I would like to try it tomorrow, but once a jury comes in this room there will be no discussions about plea and I want to be fair to Mr. Prado. You just saw [a defendant in an unrelated case] who was in here. I said the same thing to him. There was a plea offer. He rejected the plea offer. There was a trial, it went to verdict and the resulting sentence.
“Let me preface this by saying that obviously if [the defendant] was innocent, had no involvement in this, then it wouldn’t be just for him to plead guilty but let’s face it it’s no secret here. We all watched the videotape. I don’t see that happening.”
The matter proceeded to a bench trial.
At the trial, the complainant expressed reluctance in testifying against the defendant. Indeed, the complainant stated that the defendant did not touch her. The complainant also denied telling the truth to the detective investigating the matter when she told him that the defendant touched her.
Subsequently, the trial judge, in an apparent effort to obtain corroborative evidence, stated to the prosecutor:
“the court: Ms. Cohen, before we call Detective Sweeney what I would like to do, if you wish, is to recall the complaining witness because she has effectively contradicted apparently her grand jury testimony and under Criminal Procedure Law 60.35 I believe that entitles you to confront her with her grand jury testimony and I just want to under Section Three since her testimony on direct examination clearly tended to disprove your position at this trial I think you can indeed impeach her with the grand jury testimony in such a way that reveals its contents.”
The prosecutor then sought to impeach the complainant’s testimony through the use of her grand jury testimony.
Certainly, there is no prohibition against a judge presiding over a Huntley hearing as well as the trial itself (see People v Moreno, 70 NY2d 403, 406 [1987]; People v Brown, 24 NY2d 168, 172-173 [1969]). While the trial judge has a vital role in clarifying confusing testimony and ensuring an orderly trial (see People v Yut Wai Tom, 53 NY2d 44, 57 [1981]), here, the trial *537 judge exceeded the court’s function. This is not a case of the trial court simply reassuring the young complaining witness. The record demonstrates that the trial judge had made up his mind as to the defendant’s guilt prior to the nonjury trial. Upon being surprised by the complainant’s trial testimony which did not incriminate the defendant, the trial judge took on the role of the prosecutor. The trial judge counseled the prosecutor to recall the complainant in order to confront her with her contradictory grand jury testimony which the trial judge fully credited (cf. CPL 60.35 [3]). This conduct constituted inappropriate intervention, thereby depriving the defendant of his right to a fair trial, notwithstanding his prior confessions.