■ RICHARD OGUST, Respondent, v 451 BROOME STREET CORP. et al., Appellants. (And a Third-Party Action.) [770 NYS2d 864]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered April 3, 2002, which, insofar as appealed from, denied defendants' cross motion for recusal on the ground of bias, unanimously affirmed, without costs. Order, same court and Justice, entered on or about December 31, 2002, which, inter alia, denied defendants' motion to confirm a Special Referee's report, granted plaintiff's cross motion to reject the report, and directed defendants to pay plaintiff relocation costs of $22,500 per month in a total amount to be determined subsequently, unanimously reversed, on the law and the facts, without costs, the motion to confirm the report granted, the cross motion to reject the report denied, and the direction to pay relocation costs vacated.

Defendants' motion for recusal was not based on any of the grounds specified in Judiciary Law § 14, and, absent such grounds, "a Trial Judge is the sole arbiter of recusal" (*People v Moreno*, 70 NY2d 403, 405 [1987]). We therefore affirm the order denying the recusal motion.

We reverse, however, the order rejecting the report of the

Special Referee and directing defendants to pay plaintiff relocation costs at the rate of $22,500 per month. We find, upon our review of the record, that defendants substantially complied with the prior order, dated January 6, 2000, directing them to commence certain repairs to plaintiff's two apartment units within 14 days after service of a copy of such order with notice of entry. Repairs on the roof over plaintiff's units and of the heating system for his units were commenced within the relevant period (the 14 days ending on January 25, 2000), even if, as the motion court found, repairs to the water pressure system were not commenced within such period. Moreover, any failure to commence repairs on the water pressure system within the 14-day period was excused by reason of plaintiff's refusal to permit defendants to install the pump necessary to address the problem in either of his two units. We further note that, in view of plaintiff's subsequent decision to permanently relocate from the subject premises, plaintiff would receive a windfall if he were to recover, as directed by the January 6, 2000 order, the specified monthly amount of relocation costs through the time the repairs were completed. Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.