■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v A.S. GOLDMEN, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARCHIANO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE MARCHIANO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TRENTO, Appellant. [779 NYS2d 489]—

Judgments, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered November 8, 2001, as amended November 30, 2001 as to defendant Anthony Marchiano, convicting defendant A.S. Goldmen, Inc. of enterprise corruption, violation of General Business Law § 352-c (5) (nine counts) and criminal possession of stolen property in the first degree (six counts), and sentencing it to a conditional discharge; convicting defen-

dant Anthony Marchiano of enterprise corruption, violation of General Business Law § 352-c (5) (nine counts), criminal possession of stolen property in the first degree (six counts), falsifying business records in the first degree (five counts), grand larceny in the third degree (two counts), grand larceny in the fourth degree and violation of General Business Law § 352-c (6) (28 counts), and sentencing him to an aggregate term of 10 to 30 years, and directing him to pay restitution in the amount of $8,000,000; convicting defendant Salvatore Marchiano of enterprise corruption, violation of General Business Law § 352-c (5) (seven counts) and criminal possession of stolen property in the first degree (two counts), and sentencing him to an aggregate term of 5 to 15 years, and directing him to pay restitution in the amount of $3,968,000; convicting defendant Charles Trento of enterprise corruption, violation of General Business Law § 352-c (5) (five counts), falsifying business records in the first degree (20 counts) and violation of General Business Law § 352-c (6) (11 counts), and sentencing him to an aggregate term of 4 to 12 years, and directing him to pay restitution in the amount of $1,354,000, unanimously affirmed.

Although the court improperly admitted the plea allocutions of various participants in defendants' fraudulent enterprise, we find the error to be harmless. *Crawford v Washington* (— 541 US —, —, 124 S Ct 1354, 1372 [2004]) includes plea allocutions within the category of "testimonial" hearsay statements covered by the Confrontation Clause. Since defendants specifically objected under the Confrontation Clause, we apply the standard for constitutional error (*see People v Kello*, 96 NY2d 740, 743-744 [2001]) and find the error to be harmless beyond a reasonable doubt (*see People v Eastman*, 85 NY2d 265, 276 [1995]). Despite the number of allocutions admitted at trial, none of them directly linked any of defendants to any specific crime, and none was critical proof of any crime against any defendant. Moreover, the allocutions represented a minuscule portion of the overwhelming evidence against these defendants, which included testimony from 10 other codefendants, numerous defrauded customers, voluminous documentation and expert testimony.

The court properly exercised its discretion in denying defendants' request that the court recuse itself after another codefendant was charged with hiring someone to murder the court. That codefendant's trial was severed, and there was no indication that the court could not remain fair and impartial to the remaining defendants, none of whom were accused of having any connection to the murder plot (*see People v Moreno*, 70 NY2d 403, 405 [1987]).

The court's rulings, its questioning of witnesses during direct and cross-examination, and its occasional admonitions to defense counsel, did not exhibit bias or deprive defendants of a fair trial. The various rulings challenged by defendants were neither erroneous nor evidence of judicial bias. The court did not "quash" the numerous subpoenas duces tecum directed at the brokerage firms which then held the accounts of the corporate defendant's victimized customers. On the contrary, the court correctly reserved decision on the particular subpoenas, pending an offer of proof by defendants regarding the relevance of the information sought as to each particular witness (*see People v Gissendanner*, 48 NY2d 543, 551 [1979]; *People v Bagley*, 279 AD2d 426 [2001], *lv denied* 96 NY2d 711 [2001]). The court's questioning was reasonably limited in scope, given the extraordinary length of the trial, and it constituted permissible efforts to clarify issues (*see People v Yut Wai Tom*, 53 NY2d 44, 56-57 [1981]). Although some of the court's comments might have been better left unsaid, they do not warrant reversal (*see People v Gonzalez*, 251 AD2d 51, 52-53 [1998], *lv denied* 92 NY2d 982 [1998]).

The People's experts did not exceed the bounds of permissible testimony in this intricate securities case involving complicated regulatory requirements (*see People v Lurie*, 249 AD2d 119, 122 [1998], *lv denied* 92 NY2d 900 [1998]). The experts explained the regulations and their relation to the documented actions of defendants. They did not testify to the ultimate issue before the jury, but left it to the jury to determine if defendants' conduct, viewed in the context of the statutory requirements, proved that they intentionally engaged in the fraudulent schemes charged.

The court properly denied defendants' request to excuse three jurors who reported the misconduct of a fourth juror, who was promptly replaced by an alternate. Only one of the three jurors demonstrated any possibility of bias against defendants, and that juror gave unequivocal assurances that he would remain fair and impartial (*see People v Rodriguez*, 71 NY2d 214, 219-220 [1988]; *People v Buford*, 69 NY2d 290, 298 [1987]). Furthermore, these jurors did not violate the court's instructions when they briefly delayed their report of the misconduct of the fourth juror. The three jurors reported the misconduct as soon as there was something substantial to report.

The court's charge on accomplice corroboration, taken as a whole, was proper (*see* CPL 60.22 [1]). It correctly informed the jury, with regard to the enterprise corruption count, that there need not be corroboration for each particular "pattern" act (*see*

Penal Law § 460.20 [2]), so long as there was independent corroboration, as to a particular defendant, to connect that defendant to the crime of enterprise corruption (*see People v Besser*, 96 NY2d 136, 144 [2001]). In addition, the court effectively stated the corroboration requirement as applicable to the separately charged substantive crimes.

The court properly denied defendants' motion to suppress certain evidence recovered from the home of defendant Anthony Marchiano. Initially, we note that only Anthony Marchiano has standing to raise this issue. In any event, we find that the search warrant was not overbroad, when it is read reasonably and not in a hypertechnical manner (*see People v Hanlon*, 36 NY2d 549, 559 [1975]). We also find that the warrant affidavit established probable cause, and that it would be reasonable to expect the evidence sought to be located in the place indicated (*see People v Tambe*, 71 NY2d 492, 503 [1988]).

Defendant Charles Trento's challenges to the sufficiency and weight of the evidence against him are unavailing. To the extent required, accomplice testimony was fully corroborated, especially by the testimony of the People's financial investigator.

Defendant Anthony Marchiano was lawfully sentenced to consecutive terms for enterprise corruption itself, and for separately charged substantive crimes that were also pattern acts underlying the crime of enterprise corruption (*People v Besser*, 96 NY2d 136, 145 [2001]). When the pattern act is charged as a separate substantive crime, the actus reus of the substantive crime is not the same as the enterprise corruption charge, and the pattern act is not a material element of the enterprise corruption charge (*see People v Laureano*, 87 NY2d 640, 643 [1996]; *see also People v Arroyo*, 93 NY2d 990 [1999] [consecutive sentences for conspiracy and separate crimes also constituting conspiracy's overt acts]). Furthermore, such consecutive sentences may exceed the maximum sentence permissible on the enterprise corruption conviction.

We perceive no basis for reducing any of the sentences. Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.