■ HASS & GOTTLIEB, Respondent, v SOOK HI LEE, Appellant. [866 NYS2d 72]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered May 29, 2007, which denied defendant's motion for a jury trial, and granted plaintiff's motion for summary judgment dismissing defendant's first two counterclaims for legal malpractice, and judgment, entered April 30, 2008, after a nonjury trial, awarding plaintiff the principal sum of $51,000 and dismissing defendant's third counterclaim, unanimously affirmed, with costs.

Even if plaintiff, in this action for attorney's fees, had been negligent and responsible for defendant failing to obtain a ruling fixing the effective date of her interest in a closely held corporation, defendant failed to show that she suffered any actual harm as a result (*IGEN, Inc. v White*, 250 AD2d 463 [1998], *lv denied* 92 NY2d 818 [1998]). There was no evidence of dividends paid out that defendant was unable to collect. Furthermore, in the six years since the underlying judgment, defendant took no steps to bring additional proceedings to cure the alleged defect, so her claims of damages for extra expenses and costs were purely speculative. Similarly, defendant failed to raise any grounds for challenging the trial court's dismissal, following a six-day nonjury trial, of her claim for the return of documents. The gravamen of the court's decision was the credibility of the witnesses, a determination that should only be disturbed on appeal when clearly unsupported by the record (*Matter of Isaac Q.*, 217 AD2d 410, 411 [1995]). The record, which included contradictory testimony by defendant and her husband, sufficiently supported that finding.

Defendant's belated demand for a jury trial was properly denied. Neither party made a timely demand for a jury trial in 2003. The subsequent reversal of the underlying judgment and the restoration of that case to the active calendar did not extinguish defendant's waiver, or entitle her to an opportunity to change tactics in 2006 (*see Commack Enters. v Aetna Cas. & Sur. Co.*, 145 Misc 2d 157 [1989]).

The court was within its discretion in refusing to recuse itself. The judge's remarks complained of were not ad hominem attacks, but observations of defendant's credibility and conduct in three related cases (*People v Moreno*, 70 NY2d 403 [1987]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ.