■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE R. GREENBERG et al., Appellants. [979 NYS2d 333]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 7, 2013, which denied defendants' motion for recusal of the Justice from presiding over this matter, unanimously affirmed, without costs.

The court's brief comment that its "subjective view" of its ability to be impartial governed the motion does not suggest it applied the wrong standard of review (*People v Moreno,* 70 NY2d 403, 405 [1987]; *People v Glynn,* 21 NY3d 614, 618-619 [2013]). While the court interrupted defense counsel's arguments on the standard for recusal and the underlying reasons for seeking recusal, the court had the fully briefed motion papers of both parties setting forth all of their arguments.

To the extent that defendants challenge the court's various credibility determinations in its order, entered October 21, 2010, this Court has already adjudicated those issues and declined to reassign the matter at that time (95 AD3d 474 [1st Dept 2012], *affd* 21 NY3d 439 [2013]). In addition, as this Court previously noted, it was not error to rely on evidence in the related Gen Re criminal trial, as the convictions had not been overturned at the time of the court's ruling (*id.* at 484 n 3; *see United States v Ferguson,* 676 F3d 260, 289 [2011]).

The court's additional comments at oral argument on the

recusal motion and purported improprieties at various proceedings, do not, standing alone or when combined with defendants' renewed challenges to the court's analysis in its October 21, 2010 order, demonstrate that the court improperly exercised its discretion in denying defendants' motion for recusal (*Moreno*, 70 NY2d at 405-406; *People v Grasso*, 49 AD3d 303, 306-307 [1st Dept 2008]). While the judge at times may have been irritated with defense counsel and the prolonged litigation, it cannot be said that his comments, alone or in the aggregate, caused his impartiality to be reasonably questioned (*see* 22 NYCRR 100.3 [E] [1]; *see also Liteky v United States*, 510 US 540, 555-556 [1994]; *Glynn*, 21 NY3d at 618; *Hass & Gottlieb v Sook Hi Lee*, 55 AD3d 433, 434 [1st Dept 2008]; *People v A.S. Goldmen, Inc.*, 9 AD3d 283, 285 [1st Dept 2004], *lv denied* 3 NY3d 703 [2004]).

Nor did the court's comments regarding the other pending motions during oral argument on the motion for recusal suggest any potential for bias. In fact, the court acknowledged that it could rule either way on defendants' pending summary judgment motion.

It also bears noting that defendants did not move for recusal until recently, after the court had ruled against them on summary judgment motions, after years of litigation before it (*see Glatzer v Bear, Stearns & Co., Inc.*, 95 AD3d 707 [1st Dept 2012]). Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.