OPINION OF THE COURT
Thomas F. Liotti, J.
In this building violations case defense counsel has filed an omnibus motion which, among other things, requests the recusal of this Village Justice based upon a prior decision by him. On the submission date for the motion the court stated that it would refer this matter to this court’s Associate Justice for a determination on the recusal motion first. If granted, then the Associate Justice would decide the motion in other respects. If denied, then the Associate Justice would refer the matter back to the Village Justice. Following that order, the Associate Justice has stated that it is her legal view that the Village Justice must decide the recusal motion and not the Associate Justice. This Village Justice respectfully disagrees and transfers this case for all purposes to its Associate Justice.
This court has published at least two reported decisions with respect to recusal. This court finds that this is a matter of discretionary not mandatory recusal. For the reasons stated hereinafter this Village Justice declines to exercise his discretion and refers this matter to the Associate Justice for all purposes including a determination, if any, with respect to the recusal application.
This court has long been of the expressed opinion that recusal applications should not be decided by a judge whose recusal is sought. Such applications are reluctantly made by members of the bar knowing that such a motion may have adverse repercussions for the lawyer making the application, the lawyer’s client and future clients. The lawyer may then incur the wrath of other judges apprised of the application through scuttlebutt, through the rumor mill or by a decision. The end result is that lawyers do not make recusal applications even when they are warranted for fear of reprisals, both direct and indirect. (See Thomas F. Liotti, Judge Mojo: The True Story of One Attorney’s Fight against Judicial Terrorism [iUniverse 2007].)
Recusals by judges may also be used as a weapon against lawyers and their clients. Where there is no legal basis for a recusal and yet a judge, sua sponte, recuses himself or herself it may create the impression that the lawyer and judge do not get along and that therefore the client cannot get a fair shake. Clients sometimes elect to terminate the services of lawyers *228 rather than having a continuing problem with members of the judiciary.
In People v T & C Design (178 Misc 2d 971 [1998]), regarding a matter of discretionary recusal, this court referred the case for a determination on recusal to his Associate Justice. No objection was raised by the Associate Justice at that time or since. Given this long hiatus, this Village Justice sees no reason to change its stated legal position on this issue. Similarly the court does not see any reason for delaying a determination here which might prejudice the rights of the parties. (See also Judge Refers Issue of Recusal to Another Judge for Determination, NYLJ, Sept. 24, 1998 at 21 [“Defendants were charged with illegally conducting a business in a basement. When pro se individual defendant appeared in court, she mentioned that her husband had been the judge’s opponent in the 1991 election for Village Justice. The court sua sponte raised the issue of recusal and determined that this was not a case of mandatory recusal. It decided that the question of discretionary recusal should be referred to a fellow Village Justice in the interest of fairness”]; see also A. Anthony Miller, Should Judges Decide Own Recusal Motions?, The Attorney of Nassau County, Oct. 1998 at 18.)
Defense counsel has not made a motion to recuse this court’s Associate Justice. Therefore, by making this administrative transfer of the file to the Associate Justice, a determination with respect to recusal need not be made by this Village Justice or the Associate Justice unless the parties also seek her recusal. This is a bridge that this court need not cross at this time.
Parenthetically the court notes that in its prior decisions, it has construed broadly the mandatory recusal provisions of law as contained in Judiciary Law § 14 and 22 NYCRR 100.3 (E) (1) and Advisory Committee on Judicial Ethics Opinion 00-112 (2001). In People v Ventura (17 Misc 3d 1132[A], 2007 NY Slip Op 52232 [U] [2007]), the New York Law Journal gave a synopsis of the case as follows:
“Previously the court signed a search warrant, received the return on the warrant and presided over the arraignment and bail proceedings, establishing a scheduling order for any motions. The court now questioned whether it had to recuse itself as a matter of law as it heard the ex parte search warrant application and signed the warrant, essentially finding that there was probable cause . . . *229 [thus] clearly showing] a prejudgment or disposition by the court which would preclude it, as a matter of law, from fairly deciding that issue anew, either on motion papers following a pre-trial [hearing] or during the trial itself. It stated as it did not preside over jury trials, it was both the finder of fact and . . . judge on the law and facts. Thus, the court concluded, sua sponte, that recusal was mandatory, not discretionary, under these nonjury circumstances.” (Court Finds Recusal Mandatory, Not Discretionary After Signing Ex Parte Search Warrant Application, NYLJ, Dec. 4, 2007 at 25.)
Defense counsel has consented to the transfer of this matter to the Associate Justice. While the New York Court of Appeals has determined that a judge is the sole arbiter of recusal, this Village Justice does not view that learned legal opinion as one that requires this court to decide that issue when a simple transfer of the case to the Associate Justice will obviate the need for a determination on that issue. (People v Moreno, 70 NY2d 403 [1987].) As this court interprets Moreno and its progeny, a recusal application need not be decided by the judge whose recusal is sought although that is the usual custom and practice where recusal is sought in either state or federal courts. This also avoids a potential conflict with respect to the interpretation of the law of recusal between this Village Justice and the Associate Justice. Since the Associate Justice has stated that she has no problem in deciding the motion if this Village Justice recuses himself she can then do so where the issue of recusal is moot by virtue of the transfer of the file. (See also Morris, Bogle, Liotti & Dobiel, Village, Town and District Courts in New York, ch 16 [Thomson Reuters 1995-present].)
This Village Justice takes this legal position in order to consistently uphold the integrity of its prior decisions which this court views as stare decisis unless overturned by a higher court which has not occurred.
This court holds no bias or prejudice of any kind toward anyone coming before it. (See Carol Schultz Vento, Annotation, Disqualification of Judge for Bias Against Counsel for Litigant, 54 ALR5th 575; Annotation, Disqualification of Judge by State, in Criminal Case, for Bias or Prejudice, 68 ALR3d 509.) All courts should be attempting to foster policies that create an appearance of fairness and impartiality. My decisions here and in all other cases are geared to further that goal as a model court even when conflicts arise with other judges, courts or the *230 status of the law itself. In this court’s opinion, the law of recusal needs changing. This decision and others referred to herein are a step toward changing judicial policies not merely in this court but in others as well, both state and federal. This court will not be a doormat for antiquated judicial policies. No matter what others may do, this court will always strive to uphold, protect and defend the oath which it has taken.
This referral is not meant to encourage forum shopping by disgruntled litigants. It is also not a case of this court shirking its responsibilities. It is a case where this court is standing for what, in its opinion, is much needed reform. If this court had more judges such as the Supreme Court or the United States District Court, then it would favor recusal motions being decided by a committee of judges not including those for whom recusal is sought.
Wherefore, it is ordered, adjudged and decreed that the instant file and case are transferred to the Honorable Elizabeth D. Pessala for all purposes.