Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered October 18, 2010, convicting defendant, after a nonjury trial, of sexual abuse in the third degree, and sentencing him to a term of 90 days, unanimously affirmed.
The court properly exercised its discretion in admitting testimony that an officer saw defendant follow closely behind four women immediately prior to placing his groin on the victim’s buttocks. This evidence was relevant to the contested issue of intent (see People v Alvino, 71 NY2d 233, 242 [1987]), and it tended to complete the narrative, explaining the events leading up to defendant’s arrest (see People v Morris, 21 NY3d 588 [2013]). Moreover, the court expressly stated that, as fact-finder in this nonjury trial, it would not draw any inference of propensity, and the court is deemed capable of keeping that promise (see People v Moreno, 70 NY2d 403 [1987]).
Concur— Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.