Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C. (2018 NY Slip Op 01038)





Fulton Mkt. Retail Fish Inc. v Todtman, Nachamie, Spizz & Johns, P.C.


2018 NY Slip Op 01038


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5700N 151002/15

[*1] Fulton Market Retail Fish Inc., doing business as Simply Seafood, et al., Plaintiffs-Appellants,
v
Todtman, Nachamie, Spizz & Johns, P.C., et al., Defendants-Appellants.


John L. O'Kelly, East Williston, for appellants.
London Fischer, LLP, New York (Jason M. Myers of counsel), for
Todtman, Nachamie Spizz & Johns, P.C. and Robert A. Rubenfeld, respondents.
Vouté, Lohrfink, Margo & McAndrew, LLP, White Plains (Howard S. Jacobwitz of counsel), for Rosenberg Feldman Smith, LLP,
Stephen M. Rosenberg, Richard B. Feldman and Michael H. Smith, respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 21, 2016, which denied plaintiffs' motion for leave to renew their prior motion for recusal, unanimously affirmed, without costs.
The court acted within its discretion in denying plaintiffs' motion for leave to renew their recusal motion (see People v Moreno, 70 NY2d 403, 405 [1987]; People v Glynn, 21 NY3d 614, 618-619 [2013]; Mehulic v New York Downtown Hosp., 140 AD3d 417 [1st Dept 2016]; CPLR 2221[e]). The new facts arising from the court's conduct at three hearings that post-date the filing of the prior recusal motion would not change the prior determination (CPLR 2221[e][2], [3]). No bias is demonstrated by the court's comments upon learning of the grounds for the recusal motion and its conduct at oral argument on that motion and at the sanctions hearing, either standing alone or in combination with credibility rulings in the landlord-tenant litigation that gave rise to the instant legal malpractice action and that were cited in the prior recusal motion. The court was at times annoyed by plaintiffs' counsel's disrespectful attitude and by the grounds raised in the recusal motion, which plaintiffs never proved or adequately investigated. However, the record does not demonstrate that the court was so vexed that it could not be impartial (22 NYCRR 100.3[E][1]; see Liteky v United States, 510 US 540, 555-556 [1994]; Hass & Gottlieb v Sook Hi Lee, 55 AD3d 433, 434 [1st Dept 2008]; People v A.S. Goldmen, Inc., 9 AD3d 283, 285 [1st Dept 2004], lv denied 3 NY3d 703 [2004]). The court also acted within its discretion in ordering a sanctions hearing to ascertain whether the recusal motion was frivolous (see 22 NYCRR 130-1.1[a], [c]; see also 22 NYCRR 130-1.1[a][b]).
Plaintiffs' claims are undermined by the fact that, while they argue that the court made biased rulings in the underlying landlord-tenant litigation, they never moved for recusal in that lawsuit, which lasted over a decade (see Glatzer v Bear, Stearns & Co., Inc., 95 AD3d 707 [1st Dept 2012]). Even after the same justice was assigned to the instant action, plaintiffs did not move for recusal until 10 months after the case commenced, and then only after the court, at oral argument on a motion to dismiss, questioned the viability of plaintiffs' legal malpractice claim on collateral estoppel grounds.
The record also demonstrates that the court adequately reviewed the motion for leave to renew before denying it. The court thoroughly reviewed the prior recusal motion, which was discussed further at the sanctions hearing, and it presided over the three proceedings that [*2]prompted the motion to renew. The court also stated that it had reviewed the renewal motion papers and discussed them with staff, and it heard oral argument on the motion. The court's comments at oral argument on the prior motion and the renewal motion show that it understood the applicable standard, namely, that recusal would be warranted in this case if there were any bias, impropriety, or appearance of impropriety (22 NYCRR 100.3[E][1][a][i]; 22 NYCRR 100.2). The court's comments in citing the informal advice from the Advisory Committee on Judicial Ethics, which concluded that recusal was not necessary, show that the court understood that the decision was within its discretion (People v Moreno, 70 NY2d at 405).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK