Matter of Koeppel (2018 NY Slip Op 07842)





Matter of Koeppel


2018 NY Slip Op 07842


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7642 File 4098C/96

[*1] In re William W. Koeppel, The Law Offices of Craig Avedisian, P.C., et al., Petitioners-Respondents-Appellants, 
William W. Koeppel, Respondent-Appellant-Respondent.


Brafman & Associates, P.C., New York (Mark M. Baker of counsel),for appellant-respondent.
Law Offices of Craig Avedisian, P.C., New York (Craig Avedisian of counsel), and Jaspan Schlesinger LLP, Garden City (Jessica Baquet of counsel), for respondents-appellants.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered on or about February 20, 2018, which, after an evidentiary hearing, found respondent guilty of criminal contempt in violation of Judiciary Law § 750(A)(3), and sentenced him to imprisonment for a period of 10 days for each order that was violated, for a total of 20 days, and a fine of $1,000 for each order violated, for a total of $2,000, unanimously affirmed, with costs.
Petitioners proved beyond a reasonable doubt that respondent wilfully violated two so-ordered stipulations, entered on or about October 5, 2011 and December 14, 2012, in connection with a 2008 agreement settling the parties' dispute over a contingency legal fee (see Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239-240 [1987]). The record shows that respondent failed to make any of the payments required by the orders, despite his ability to comply, that the orders were clear and specific as to the conduct required of him, and that respondent had the requisite notice of the orders. There was extensive testimony about service of the orders on respondent, and respondent's long-term attorney, who signed the so-ordered stipulations, testified that respondent was aware of the earlier order, which benefitted him by correcting a mistake in an order that required him to make greater payments, and that the later order was also the subject of discussion between him and respondent.
Respondent argues that his attorney was not authorized to enter into the December 2012 stipulation. However, respondent's attorney testified that he had the necessary authority. Even if the attorney lacked authority, respondent was not free to disregard the order (see Hallock v State of New York, 64 NY2d 224, 230 [1984]).
Respondent argues that the Surrogate should not have so-ordered the December 2012 stipulation because she knew that he was not in the courtroom when the stipulation was reached and that it encumbered third parties that were not present. However, the Surrogate had directed respondent to be present on that day, and he failed to comply. In any event, the Surrogate had no reason to doubt the authority of respondent's counsel to enter into the stipulation.
Respondent argues that he was not on notice that the October 2011 order was still in effect, because the December 2012 order resolved the earlier order. However, the evidence demonstrates that respondent was in violation of the earlier order until the time it was replaced by the later order, which he also violated.
Respondent argues that Surrogate Mella improperly declined to recuse herself from the proceeding despite her presence in the courtroom as a visitor during prior proceedings before another Surrogate (see generally People v Moreno, 70 NY2d 403, 405 [1987]). However, there is nothing in Surrogate Mella's remarks as to the other Surrogate or her observations as a visitor [*2]to the other Surrogate's courtroom that suggests that she was biased against respondent.
Petitioners argue that the penalty imposed by the Surrogate was insufficient because it ignored respondent's failure to comply with each of the individual provisions of the orders, which constitutes multiple acts of contempt. However, the Surrogate based her determination on respondent's disobedience of the two orders and his failure to make the mandated monthly payments. The penalty imposed was sufficient to deter violation of court orders (see El-Dehdan v El-Dehdan, 26 NY3d 19, 34 [2015]; see also State of New York v Unique Ideas, 44 NY2d 345, 349 [1978]).
We have considered respondent's remaining arguments and find them without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK