People v Tunstall (2018 NY Slip Op 08566)





People v Tunstall


2018 NY Slip Op 08566


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7893 307/13

[*1]The People of the State of New York, Respondent,
v
Darryl Tunstall, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Katharine Skolnick of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at colloquy on new counsel; Juan M. Merchan, J. at nonjury trial and sentencing), rendered May 17, 2016, convicting defendant of murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 22 years to life, unanimously modified, on the law, to the extent of vacating the second violent felony offender adjudication and remanding for resentencing, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v. Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence established that defendant's claimed reason for using force against the victim was not credible, and that defendant was not justified in using any amount of force.
Defendant's claim that the court applied the incorrect justification standard is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court, as trier of fact, is presumed to have decided the case "based upon appropriate legal criteria" (People v Moreno, 70 NY2d 403, 406 [1987]; see also People v Wachulewicz, 295 AD2d 169 [1st Dept 2002], lv denied 98 NY2d 732 [2002]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve factual and strategic matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The calendar court conducted a sufficient inquiry into defendant's request for new counsel, when it gave defendant an opportunity to air his grievances against counsel, and ascertained that defendant and his counsel had resolved their differences (see People v Porto, 16 NY3d 93, 100-101 [2010]).
As the People concede, defendant should not have been adjudicated a second violent felony offender. A defendant whose present conviction is an A-I felony, such as murder, may not be adjudicated a predicate felon, although the A-I conviction may itself serve as a predicate [*2]felony in the event of a future conviction. The circumstances warrant a remand for resentencing, because, although the second violent felony offender adjudication was essentially surplusage, the record does not clearly establish that it did not affect the sentence imposed by the court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK