■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. [636 NYS2d 14] —Order and judgment (one paper), Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about May 8, 1995, which directed a hearing with respect to plaintiff's motion to curtail defendant's visitation rights and defendant's cross motion for a change in custody and for an order of contempt; granted plaintiff's motion for a judgment in

the amount of $53,600 for maintenance and child support arrears; and ordered defendant to pay all outstanding fees owed to certain experts and to pay for psychological evaluations previously ordered by the court, and judgment of the same court and Justice entered June 9, 1995, awarding plaintiff the sum of $53,600, unanimously affirmed. Order of the same court and Justice, entered May 16, 1995, which discharged the guardian ad litem, appointed Robert Dobrish, Esq. as Law Guardian for the parties' children and directed that defendant be responsible in the first instance for the payment of his fees, unanimously affirmed. Order of the same court and Justice, entered on or about June 1, 1995, which denied defendant's motion for recusal, unanimously affirmed. Order of the same court and Justice, entered May 30, 1995, which *inter alia*, granted the motion of the original guardian ad litem for a money judgment to the extent of referring the matter to a Referee to hear and report on the amount of fees due and owing, unanimously affirmed. Order of the same court and Justice, entered August 9, 1995, which denied defendant's application for a direction that plaintiff cooperate in efforts to resume visitation with the parties' children pending a hearing, unanimously affirmed, all without costs and disbursements.

When the alleged impropriety arises from information derived during the performance of the court's adjudicatory function, the court's decision to deny recusal may not be overturned unless it was an abuse of discretion (*see, People v Moreno*, 70 NY2d 403, 405-406). In the matter before us, the IAS Court's opinion of defendant's expert was based upon his testimony conducted in a prior proceeding. It appears that defendant had another motive in selecting this expert for the instant action since defendant had knowledge of the IAS Court's assessment of the expert several months before this case was reassigned to her in March 1995, but still did not move to have the Judge recuse herself, based on her alleged preconceived, biased opinion of the expert, until after the court had made several adverse rulings against defendant. The IAS Court did not improvidently exercise its discretion in denying defendant's recusal motion.

The extent of interference, if any, with defendant's visitation rights and a determination as to whether or not the parties' children's refusal to see defendant was justified must await the outcome of a hearing. However, until such determination is made, defendant has no right to unilaterally withhold maintenance and child support payments.

Contrary to defendant's contention, the court also properly

exercised its discretion in appointing a Law Guardian selected by the children to represent them in this matter (*Matter of Elianne M.*, 196 AD2d 439).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Kupferman, Asch, Nardelli and Tom, JJ.