■ ADELAIDE PRODUCTIONS, INC., et al., Respondents, v BKN INTERNATIONAL AG, Appellant. [833 NYS2d 450]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 26, 2006, which, to the extent appealed from as limited by the briefs, denied respondent's motion for the court's recusal and for renewal of a prior order, same court and Justice, entered March 24, 2006, which awarded petitioners damages in the principal sum of $1,859,562 and directed a hearing on their request for a turnover of assets to satisfy a prior judgment against a nonparty judgment debtor, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent that renewal is granted and upon renewal the money judgment is vacated, and the issue of the existence and/or amount of the debt owed by respondent to the judgment debtor

at the time of the petition is referred for a hearing, and as so modified, affirmed, without costs.

Jurisdiction in this proceeding was properly found in New York. Notwithstanding the carefully worded affidavits submitted by BKN, its promotional literature boasted that it has offices in this state, and the location of its subsidiary in Rye further compels the conclusion that the subsidiary conducts the business that BKN would perform were it actually present (*see Frummer v Hilton Hotels Intl.*, 19 NY2d 533, 537 [1967], *cert denied* 389 US 923 [1967]).

Petitioners' now-defunct judgment debtor, Durham Capital Holdings, was a holder of stock in respondent BKN, evidenced by an unissued stock certificate, a subject of this turnover proceeding (CPLR 5225). The IAS court properly referred to a referee the issue of whether the shares of BKN stock were freely transferrable.

The petition established the existence of a debt owed by respondent to the judgment debtor, submitting respondent's 2001 annual report which stated, under the section denominated "Receivables and Long Term Payables to Related Party," that "the Company has a payable to Durham Capital Holdings, Inc. in connection with Durham's assumption of liabilities for animation services rendered by third parties to the Company in the amount of [ ]1,545,000." The document indicated that the debt would come due in January 2003. Respondent, in opposition to the petition, offered an affidavit by its chief financial officer, asserting that after accounting for moneys owed by Durham to BKN, the net balance due to Durham from respondent was 1,023,000 at the end of BKN's fiscal year on September 30, 2001, but that the situation had altered by the end of fiscal year 2002, despite the annual report's failure to so state, so that the only remaining debt owed by Durham to respondent was 178,000.

This opposition clearly created, at least, a factual issue as to the amount of the debt BKN owed to Durham as of the date the proceeding was commenced. Even if it had not, however, the additional information provided in the context of the renewal motion, explaining that payments made in October 2001 to Durham and/or its subsidiary, to pay production costs required by its purchase agreement with Durham, established even more clearly the existence of an issue of fact as to the existence and/or the amount of the debt. On this record, we deem it appropriate to reverse the grant of a money judgment and to refer for a fact-finding hearing the question of whether and to what extent respondent owed a debt to Durham on the date this proceeding was commenced (*see Mejia v Nanni*, 307 AD2d 870, 871 [2003]).

Inasmuch as this is an equitable proceeding, the jury demand was properly rejected. Nor do we find that the court erred in directing a hearing on the request for a turnover of the stock, at which issues of German law can be explored, as well as the question of whether BKN, which does not appear to have a possessory interest in stock held by its shareholders, has standing to challenge the turnover request.

The court did not abuse its discretion in refusing to recuse itself (*see Anonymous v Anonymous*, 222 AD2d 295, 296 [1995]). Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.