■   BERNARD H. GLATZER, Appellant, v BEAR, STEARNS & CO., INC., et al., Respondents. [945 NYS2d 243]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about May 1, 2008, which denied plaintiff's recusal motion, unanimously affirmed, with costs.

Plaintiff filed the instant recusal motion after the court dismissed the complaint. Thus, the trial court lacked the authority to grant the motion absent proof of actual prejudice or biased actions, rather than the mere appearance of impropriety (*see Rochester Community Individual Practice Assn. v Excellus Health Plan,* 305 AD2d 1007 [2003], *lv dismissed* 1 NY3d 546 [2003]), and there is no basis for mandatory disqualification or recusal (*see* Judiciary Law § 14; 22 NYCRR 100.3 [E] [1]; *People v Grasso,* 49 AD3d 303 [2008]). The trial court's generalized comments comparing judicial salaries to first year attorney salaries as recently reported in the news, coupled with an attendant joke that he might have to seek employment with defendants' counsel's law firm, stand in stark contrast to the facts in *Caperton v A.T. Massey Coal Co.* (556 US 868 [2009]), relied upon by plaintiff, in which the president and chief executive officer of a corporation appearing as a defendant before the judge against whom recusal was sought had contributed some $3 million to his election campaign and at issue was a $50 million judgment against the defendant corporation. Here, there is no basis to conclude that actual bias or prejudice existed. No evidence was offered to show that the trial judge had any relationship with defendants' counsel outside of the courtroom, that the trial judge was seeking, or intended to seek employment with the law firm, or that the court was in anyway biased in favor of defendants.

Moreover, where, as here, a party inexplicably withholds an allegation of bias until after the court adversely rules against it, denial of the recusal motion is generally warranted and the courts' discretion in so ruling will not be disturbed (*see e.g., Anonymous v Anonymous,* 222 AD2d 295 [1995]; *Leventritt v Eckstein,* 206 AD2d 313 [1994], *lv dismissed in part and denied in part* 84 NY2d 987 [1994]). Plaintiff's claims of bias are undermined by his continued participation in the court proceedings for nearly a year after the disputed comments were made,

without complaint. Furthermore, the dismissal of plaintiff's "amended" action was soundly based upon a prior federal district Court decision which this Court previously found disposed of plaintiff's fundamental arguments (*see Glatzer v Enron Corp.*, 277 AD2d 161 [2000]). Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.