DiPizio Construction Company, Inc., Plaintiff,

against
Erie Canal Harbor Development Corporation, Defendant.


2013-2612 

APPEARANCES:
LAW OFFICES OF DANIEL W. ISAACS, PLLC
Daniel W. Isaacs, Esq., Of Counsel
Attorneys for Plaintiff
PHILLIPS LYTLE, LLP
Wiliam J. Brennan, Esq., Of Counsel
Andrew P. Devine, Esq., Of Counsel
Attorneys for Defendant
TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
Benjamin D. Lentz, Esq., Of Counsel
Attorneys for Proposed Intervenor/Surety, Travelers Casualty 
and Surety Company of America


Timothy J. Walker, J.

Plaintiff, DiPizio Construction Company, Inc. ("DiPizio"), has applied, pursuant to several Rules of the Chief Administrative Judge, for an order, inter alia, recusing this Court from all further proceedings in this matter.
BACKGROUND
This is one of several actions arising out of a public improvement project to redevelop the site of the former Memorial Auditorium sports arena in the City of Buffalo, New York, known as the Inner Harbor Development Phase 3A - Canal Side Public Canal Environments Project (the "Project"). In the instant matter, DiPizio seeks a judgment declaring that Defendant, Erie Canal Harbor Development Corporation's ("Erie Canal"), May 8, 2013 notice of intent to terminate the construction contract underlying the Project (the "Contract" and "Notice of Intent", respectively) and ultimate termination of DiPizio were nullities, and that the Contract remains in full force and effect.
DiPizio has commenced related actions against Erie Canal arising out of the Project, under Index Nos. 2013-602666 (the "Contract Action"); 2013-803777 (the "Declaratory Judgment Action"); and 2013-801815 (the "Defamation Action") (collectively, the "Actions").
DiPizio's motion is premised on several rulings this Court made in the instant matter and in the Actions.
STANDARD OF REVIEW
Disqualification is mandatory only when a judge has an interest in the controversy or a blood relationship with a party (Judiciary Law ("Jud. Law") §14; People v. Glynn, 21 NY3d 614, 618 [2013]). It is undisputed that this Court's disqualification from this matter is not mandatory.
Absent mandatory disqualification, the trial court "is the sole arbiter of recusal" (People v. Moreno, 70 NY2d 403, 405 [1987]; Affinity Elmwood Gateway Props. LLC v. AJC Props. LLC, 113 AD3d 1094, 1096 [4th Dept 2014]). Recusal is a "discretionary decision . . . within the personal conscience of the court" (Moreno, 70 NY2d at 405; see also, Charter One Bank, FSB v. Mills, 112 AD3d 1338 [4th Dep't 2013]). 
Moreover,
[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . the judge has a personal bias or prejudice concerning a party. . . (22 NYCRR §100.3[E][1][a][i]) (emphasis added). This standard is high (McLaughlin v. McLaughlin, 104 AD3d 1315, 1316 [4th Dep't 2013] [recusal not required because no evidence showed that the alleged bias resulted in an opinion on the merits of the case]).
DiPizio must show that this Court's "decision was based upon such bias and not upon an impartial consideration of the evidence" (Bd. of Ed. of City Sch. Dist. of Buffalo v. Pisa, 55 AD2d 128, 136 [4th Dept1976]); McLaughlin, 104 AD3d at 1316; People v. Nenni, 269 AD2d 785, 786 [4th Dept 2000] [recusal required only where it is shown that bias or impartiality "affected the result of the case"]).
ANALYSIS
The alleged bases for DiPizio's motion are described and addressed below.
This Court's Denial of DiPizio's Request to Depose Robert Gioia
On October 17, 2013, DiPizio requested the opportunity to depose Robert Gioia, one of Erie Canal's Board members, prior to the return date of a motion in this matter. DiPizio sought to depose Mr. Gioia to ascertain what transpired at a board meeting immediately prior to Thomas Dee (Erie Canal's President) having sent DiPizio the Notice of Intent. 
The Court denied DiPizio's request, finding that a deposition would be irrelevant to the motion, because the issues to be decided were legal, not factual (i.e., whether, as a matter of law, a formal vote was required as a pre-requisite to termination of the Contract). 
Notably, the complained-of denial occurred in excess of two (2) years ago, undermining DiPizio's claims (Glatzer v. Bear, Stearns & Co., 95 AD3d 707, 707 [1st Dept 2012] [litigant's claims of bias are undermined by waiting "nearly a year after the disputed comments were made" by the trial court to seek recusal]).
Moreover, if DiPizio believed that deposing Gioia (and/or other Board members) was critical, its remedy was to appeal this Court's decision, which it did not.
The Letter Decision, dated March 10, 2014
On March 10, 2014, this Court issued a Letter Decision denying DiPizio's motion for summary judgment in this matter. The Letter Decision concluded as follows:
While Defendant has not cross-moved for summary judgment, the Court has discretion to search the record and may, in the absence of a cross-motion, grant summary judgment to the non-moving party (New Hampshire Insurance Co. v. MF Global, Inc., 108 AD3d 463 [1st Dept 2013]). Such power is not boundless, and must be limited to the causes of action or issues that are the subject of the motion (Id.). In searching the record of the instant motion, the Court grants summary judgment to Defendant and hereby dismisses the Complaint. 
DiPizio objects to dismissal of the action, because Erie Canal did not cross-move for summary judgment. However, a response to DiPizio's objection is contained within the Letter Decision, itself (see New Hampshire Insurance Co. v. MF Global, Inc., 108 AD3d 463 [1st Dept 2013]).
The August 5, 2014 Order Sealing Depositions and Pre-Trial Discovery
DiPizio alleges bias based upon an Order, dated August 5, 2014 (the "August 5 Order"), in which this Court sealed all pre-trial discovery, including depositions.
However, it is well settled that "courts have broad power to regulate discovery to prevent abuse'" and "are empowered to limit press and public access to court proceedings to maintain order and decorum and to protect the rights of parties and witnesses" (Seaman v. Wyckoff Heights Med. Ctr., Inc., 25 AD3d 598, 599 [2d Dep't 2006]).
In addition, the August 5 Order was issued approximately one and a half (1.5) years ago, thus undermining DiPizio's bias and prejudice claims (see Glatzer, supra).
DiPizio did not appeal the August 5 Order.
[*2]The Deposition of Douglas Melroy
In the Actions, potential intervenor/Surety, Travelers Casualty and Surety Company of America ("Travelers") filed a motion seeking an order, inter alia, declaring that DiPizio is not the real party in interest to the claims asserted therein, and that Travelers is entitled to, and should replace DiPizio as the plaintiff and real party in interest (the "Travelers' Motion"). The Travelers' Motion was scheduled to be heard on November 3, 2014. DiPizio requested several adjournments, because its (then) attorney was required to withdraw (due to an unavoidable conflict of interest), and DiPizio was required to retain new counsel. The Court granted each of DiPizio's adjournment requests, including those over Travelers' objection. The Travelers' Motion was ultimately rescheduled for April 27, 2015 (almost six months after the original return date), in order to accommodate DiPizio.
In early February 2015, after DiPizio had retained new counsel (Daniel W. Isaacs, Esq.), counsel requested a conference with the Court in connection with DiPizio's request that the Travelers' Motion be further adjourned, in order to permit DiPizio to depose Douglas Melroy, a representative of Travelers, prior to the motion return date. This Court's Confidential Law Clerk ("CLC") conducted the conference, during which the CLC directed DiPizio's counsel to email a list of the questions or areas of inquiry it intended to cover at the requested deposition, while reserving its rights to recall Mr. Melroy after the return date of the Travelers' Motion (for the purpose of exploring other areas not pertinent to the Travelers' Motion); and for Travelers to promptly respond to the proposed list.
One (1) week later - on February 18, 2015, DiPizio's counsel emailed a list to Travelers' counsel (the "List"), premised as follows:
With respect to the parameters of Mr. Morley's (sic) deposition the following is (sic) our areas of inquiry:
Travelers' counsel responded by email the next day (February 19, 2015, at 9:09 a.m.) Advising that the List was acceptable, and that Travelers would make Mr. Melroy available for a deposition the following month on dates discussed during the February 11, 2015 conference.
On February 20, 2015, DiPizio's counsel advised Travelers' counsel (by email), that DiPizio added areas of inquiry to the List and described the List; described the List as "preliminary"; and referred to "proposed areas of inquiry" (the "Amended List"). 
The List, which DiPizio's counsel took a week to compile, was not identified in his February 18, 2015 email as either "preliminary" or "proposed." Nor was DiPizio directed to send a "proposed" or "preliminary" list. Rather, at the February 11, 2015 conference, the CLC clearly directed DiPizio's counsel to send a definitive list to Travelers.
DiPizio contends that, by refusing to allow it to depose Mr. Melroy pursuant to the Amended List, this Court unfairly restricted its right to depose Mr. Melroy. Based on the foregoing, any restrictions were self-imposed. 
Moreover, DiPizio retained the right to recall Mr. Melroy after the Travelers' Motion, to examine him about any other aspect of the Actions unrelated to the Travelers' Motion.
Having occurred slightly in excess of one (1) year ago, DiPizio's claims of bias and prejudice lack merit (see Glatzer, supra), and DiPizio did not appeal the Court's decision. 
[*3]The Letter Decision, dated March 25, 2015
On March 25, 2015, this Court prematurely issued a Letter Decision in the instant matter denying DiPizio's application for leave to renew the denial of its prior summary judgment motion, because it had not yet received DiPizio's reply papers. Once it had realized it had done so, this Court informed counsel that it would hold the Letter Decision in abeyance until it had had an opportunity to review the reply papers. Having then reviewed the reply papers, this Court adhered to the ruling set forth in the Letter Decision.
DiPizio's Request to Submit a Brief Exceeding Twenty-Five (25) Pages
Principal briefs in the Commercial Division shall not exceed twenty-five (25) pages, unless the court grants a request to exceed the page limit (22 NYCRR §202.70, Rule 17).
In opposition to the Travelers' Motion (and cross-motions filed by Erie Canal), DiPizio submitted briefs in early April 2015, consisting of seventy-eight (78) and thirty (30) pages, respectively, without first seeking permission to exceed the page limit.
Rather than reject them, this Court informed DiPizio of its error, agreed to accept the thirty (30) page non-compliant brief, and directed Dipizio to reduce the other brief to no more than twenty-five (25) pages (in accordance with 22 NYCRR §202.70, Rule 17).
A court's refusal to grant a (belated) request to exceed a page limit is not an example of bias or prejudice. Travelers' and Erie Canal's briefs were within the statutory page limit.
Moreover, this event occurred in excess of ten (10) months ago, thus undermining DiPizio's claims of bias and prejudice (see Glatzer, supra), and DiPizio did not appeal the Court's decision.
The April 24, 2015 Decision and Order
As previously stated, following numerous adjournments requested by DiPizio (all of which the Court granted), the Travelers' Motion (and Erie Canal's related cross-motions) were ultimately scheduled for oral argument to be heard on Monday, April 27, 2015. However, on Friday, April 24, 2015, the CLC emailed counsel (at 9:14 a.m.), as follows (the "April 24, 2015 Email"):
There are multiple pending motions that are returnable on Monday, April 27. The record is closed on all of them except for Erie Canal's motion to amend its Answers in three of the actions. The Court has spent a significant amount of time reviewing all of the motions, and has determined that oral argument is unnecessary.Accordingly, all motions are deemed submitted (with the exception that Erie Canal shall have until later today to file any reply on its motion to amend its Answers). The Court shall issue written Decision(s) and Order(s) relative to all motions within the next two (2) weeks. Thereafter, the Court shall schedule a conference regarding all scheduling issues (including the trial).
Accordingly, no oral argument is required on Monday, April 27, 2015; there will be no proceedings in these matters that day. 
Have a nice weekend (emphasis in original). Later that afternoon (Friday, February 24, 2015), the Court uploaded a Decision and Order (regarding all of the motions returnable on April 27, 2015) (the "April 24, 2015 Decision and Order") to the NYSCEF System, which triggered an electronic notification to all counsel. 
DiPizio focuses on those portions of the April 24, 2015 Email informing counsel that a decision will be issued "within two weeks" and wishing counsel "a nice weekend." This Court is unsure of the point(s) DiPizio seek(s) to make.
The CLC sent the April 24, 2015 Email - as early as 9:14 a.m., as a courtesy to counsel (especially DiPizio's counsel who had made arrangements to travel to Buffalo from the New York City area for the return date of the Travelers' Motion on Monday, April 27, 2015). 
The Court had been working on its April 24, 2015 Decision and Order all week, and determined (as reflected in that Email), that it did not require oral argument. As soon as the Court determined early on the morning of April 24, 2015 that it did not require oral argument, and that the Decision and Order might be finalized by the end of the day, the Court immediately emailed counsel - as a courtesy, to inform them that no appearance would be required on Monday. 
While parties are not entitled to an explanation of the schedule laid out in the April 24, 2015 Email, the Decision and Order was the result of a collaborative effort between this Court and the CLC - who had a family vacation planned at the end of April, 2015, which resulted in his being out of the office (and New York State) the week of April 27, 2015. He returned to the office in early May 2015. 
This Court decided that, in the event it was unable to complete the April 24, 2015 Decision and Order by April 24 (i.e., the CLC's last day in the office before he left for vacation), it would put off issuing it until he returned; hence, the purpose for advising counsel that "Decision(s) and Order(s) relative to all motions [would be issued] within the next two (2) weeks." The completion of the April 24, 2015 Decision and Order on the afternoon of April 24, 2015 obviated the need to delay its issuance until the CLC's return from vacation.
DiPizio's Surr-Reply Affidavits
DiPizio objects to this Court having refused to permit it to file the sur-reply affidavits of Michael Elmendorf, II (the "Elmendorf Aff.") and Bernard DiPizio (the "B. DiPizio Aff.) in opposition to the Travelers' Motion (and related cross-motions filed by Erie Canal). 
However, "[a]bsent express permission in advance, sur-reply papers . . . are not permitted . . ." (22 NYCRR §202.70, Rule 18).
While DiPizio sought prior permission to submit the sur-reply affidavits, this Court did not receive it, because counsel mis-spelled the CLC's email address. Nonetheless, the Court considered DiPizio's belated requested, and read the proposed sur-reply affidavits. However, the Court decided against considering them on the Travelrs' Motion (and the related cross-motions):
The issue of "non-inner harbor" defaults was raised by Travelers in its motion; hence, DiPizio had an opportunity to submit the Bernard DiPizio affidavit in its responding papers (rendering the Bernard DiPizio sur-reply unnecessary). The issues raised by the [*4]Elmendorf sur-reply affidavit are legal issues that should have been included in DiPizio's memo of law (Email to counsel, dated April 20, 2015).
Thus, and contrary to DiPizio's contention, the Court did not "summarily" reject the sur-reply affidavits (Affirmation of Daniel Isaacs, dated February 19, 2016, ¶18).
The Appellate Division, Fourth Department's Memorandum and Order,
dated December 23, 2015
On December 23, 2015, the Appellate Division, Fourth Department ("Fourth Department"), issued a Memorandum Decision reinstating this matter. The Fourth Department held, inter alia, that the Court "abused its discretion in denying DiPizio's motion for leave to renew." However, such a determination is not synonymous with a finding of impartiality or bias.
Rulings in Favor of DiPizio
DiPizio's recusal motion fails to mention that this Court ruled in its favor, as follows:
• This Court granted DiPizio partial summary judgment on two (2) of its key claims in the Contract Action, concerning DiPizio's proposed granite substitutions and materials handling plan. Both decisions were reversed by the Fourth Department.
• This Court denied Erie Canal's cross-motion for partial summary judgment concerning the same issues. The Fourth Department reversed and granted partial summary judgment to Erie Canal.
• This Court granted DiPizio's application for leave to renew its prior application for a preliminary injunction in the Contract Action, and enjoined Erie Canal from settling DiPizio's claims with Travelers. The Fourth Department reversed.
• This Court denied Erie Canal's motion to dismiss two of DiPizio's claims in the Defamation Action, allowing the defamation and tortious interference claims to proceed. The instant matter and the related Actions have been pending since 2013, and they are hotly contested. This Court has made numerous rulings in them (for, and against DiPizio), several of which have been appealed to the Fourth Department.
However, the complained-of determinations/rulings with which DiPizio disagrees (and, for the most part, did not appeal) do not meet the high standard required for recusal. 
This Court has proceeded fairly and impartially since the inception of this matter and the Actions, and shall continue to do so.
Accordingly, it is hereby
ORDERED, that DiPizio's motion f recusal in this matter is denied in all respects.
This constitutes the Decision and Order of this Court. Submission of an order by the Parties is not necessary. The delivery of a copy of this Decision and Order by this Court shall not [*5]constitute notice of entry.
Dated: April 7, 2016
Buffalo, New York
___________________________________
HON. TIMOTHY J. WALKER, J.C.C.
Acting Supreme Court Justice
Presiding Justice, Commercial Division
8th Judicial District