Matter of Leo v LD Holdings, Inc. (2017 NY Slip Op 04225)





Matter of Leo v LD Holdings, Inc.


2017 NY Slip Op 04225


Decided on May 30, 2017


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2017

Acosta, P.J., Friedman, Andrias, Webber, Gesmer, JJ.


4134 153777/15

[*1]In re John C. Leo, Petitioner-Respondent,
v
LD Holdings, Inc., formerly known as Leisure Direct, Inc., Respondent-Appellant.


Carl E. Person, New York, for appellant.
Carmel, Milazzo & DiChiara LLP, New York (Ross David Carmel of counsel), for respondent.



Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 2, 2016, directing respondent to, among other things, issue and deliver to petitioner 200 million shares of respondent's stock in satisfaction of an unpaid judgment, unanimously affirmed, with costs.
Supreme Court properly granted the petition for a turnover order for authorized but unissued shares to satisfy petitioner's judgment against respondent (see Adelaide Prods., Inc. v BKN Intl. AG, 39 AD3d 254 [1st Dept 2007]; Guzov Ofsink, LLC v China Board Mill Corp., Sup Ct, NY County, Oct. 24, 2011, Solomon, J., index No. 110520/2011). Contrary to respondent's contention, these unissued shares are assets of respondent and can be reached under CPLR 5225 (id.).
Respondent's argument that Nevada law prohibits issuance of shares to satisfy a debt is not supported by the statute cited (see Nev Rev Stat § 78.211). Nor does respondent's postjudgment attempt to thwart enforcement, by purporting to "de-authorize" the shares, bar enforcement of the judgment.
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2017
CLERK