Thompson v Morgan Fuel & Heating Co., Inc. (2021 NY Slip Op
50714(U))

[*1]

Thompson v Morgan Fuel & Heating Co., Inc.

2021 NY Slip Op 50714(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2020-361 D C

Amy Thompson, Appellant, 
against
Morgan Fuel & Heating Co., Inc., Doing Business as Bottini
Fuel, Respondent. 

Amy Thompson, appellant pro se.
Morgan Fuel & Heating Co. Inc., d/b/a Bottini Fuel, respondent pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Justice Court of the Village of
Wappingers Falls, Dutchess County (Raymond C. Chase, Jr., J.), entered January 8, 2020. The
judgment, after a nonjury trial, awarded plaintiff the principal sum of $425.

ORDERED that the judgment is affirmed, without costs.
This small claims action was commenced to recover the principal sum of $3,000 from
defendant, plaintiff's fuel oil provider. At a nonjury trial, plaintiff sought to prove (1) that
defendant failed to deliver kerosene and then overcharged her, (2) that defendant caused there to
be water in her fuel tank thus requiring maintenance to her tank, and (3) that defendant's failure
to inspect the tank voided the service contract, thereby entitling her to a refund of the service
contract price. Following the trial, the Justice Court awarded plaintiff the principal sum of $425.
Plaintiff appeals on the grounds of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
Contrary to plaintiff's contention, there is no evidence that the court was biased against
plaintiff or incapable of performing its judicial duties (see Glatzer v Bear, Stearns
& Co., Inc., 95 AD3d 707 [2012]). Moreover, the court did not misconstrue the
evidence submitted by the plaintiff; rather, it properly found that plaintiff did not establish her
entitlement to $3,000 in [*2]damages. Plaintiff failed to show that
kerosene was not delivered or that she was charged too much for it. Plaintiff sought, but failed, to
establish, with only an unitemized bill (see UJCA 1804), that the amount she paid to have
her oil tank repaired was the result of any negligence or intentional action by defendant. Finally,
there is no merit to plaintiff's claim that the service contract was voided and the contract price
refundable because defendant did not inspect plaintiff's tank. Consequently, substantial justice
(see UJCA 1804, 1807) does not require that the award to plaintiff be increased.
While we find no support in the record for the award to plaintiff of the sum of $425, as
defendant did not cross-appeal from the judgment, we affirm.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 22, 2021