Englinton Med., P.C. v Ameriprise Ins. Co. (2021 NY Slip Op 50715(U))

[*1]

Englinton Med., P.C. v Ameriprise Ins. Co.

2021 NY Slip Op 50715(U) [72 Misc 3d 134(A)]

Decided on July 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2020-408 S C

Englinton Medical, P.C., as Assignee of
Kavita Sewdat, Respondent, 
against
Ameriprise Insurance Company, Appellant.

Bruno, Gerbino, Soriano & Aitken, LLP (Susan B. Eisner of counsel), for appellant.
Law Office of Gabriel & Moroff, LLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Third District (C. Stephen
Hackeling, J.), dated December 16, 2019. The order, insofar as appealed from, denied branches
of defendant's motion seeking summary judgment dismissing certain claims and granted branches
of plaintiff's cross motion seeking summary judgment on certain claims.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, defendant's
motion for summary judgment dismissing the complaint is granted in its entirety and plaintiff's
cross motion for summary judgment is denied in its entirety.
In this action by a provider to recover assigned first-party no-fault benefits, the summons and
complaint seek $7,570.30 for unspecified claims. Defendant moved for summary judgment
dismissing the complaint, setting forth a chart listing 16 numbered bills it had received and
denied, listing for each bill the date the services were rendered and the amount charged. The total
sum of the listed bills was $4,318.49, $3,251.81 less than the amount sought in the
complaint.
Defendant alleged that it had denied all of the bills based upon plaintiff's failure to appear for
duly scheduled examinations under oath (EUOs), and that it had denied bills 14 to 16 on the
additional ground of lack of medical necessity. Defendant also stated that it had paid a claim of
$3,253.92 for services rendered on September 1, 2016 in a separate arbitration, and attached that
[*2]arbitration award and proof of its payment.[FN1]
 Based on that arbitration award and payment, defendant argued that the $3,253.92 claim should
not be recoverable in this action.

Plaintiff cross-moved for summary judgment. Plaintiff did not annex any bills or set forth
any particular dates of service or amounts of claims. Instead, plaintiff referred to and annexed
defendant's chart of the 16 numbered bills. In an affirmation in support of its cross motion and in
opposition to defendant's motion, plaintiff's attorney did not mention, let alone dispute,
defendant's assertions that the $3,253.92 claim was part of this action and that it had been
paid.

By order dated December 16, 2019, the District Court denied the branches of defendant's
motion as to "bills 1-8 and 10-13" on defendant's chart and granted plaintiff's cross motion
thereon.[FN2]
 In addition, the court stated that it was "undisputed that a $92.98 bill for the date of service
(September 1, 2016) was resolved and paid in a separate arbitration case [] and should not be
included herein. The $92.98 claim for bill #9 for September 1, 2016 is dismissed as resolved in a
separate action." The $92.98 amount set forth by the court does not match either the amount
awarded to plaintiff in the separate arbitration referred to by defendant ($3,253.92) or the amount
set forth on defendant's chart for bill number 9 ($299.26), which did involve services rendered
the same day as the services at issue in the arbitration, September 1, 2016. We conclude that in
dismissing "bill #9," the court meant to dismiss the $3,253.92 arbitration claim.

As to the bills denied solely on the ground of EUO nonappearance, the court, while
acknowledging that defendant was not required to provide a reason for requesting an EUO in
response to plaintiff's objections thereto (see Flow Chiropractic, P.C. v Travelers Home & Mar. Ins. Co., 44
Misc 3d 132[A], 2014 NY Slip Op 51142[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2014]), nonetheless found that defendant was not entitled to summary judgment on this
defense because it had treated plaintiff "as an adversary and created unnecessary obstruction to
the claim process."

The above-stated ground was not an appropriate basis to deny defendant's motion as to the
claims denied for failure to appear for an EUO. It is well settled that an appearance at a duly
demanded EUO "is a condition precedent to the insurer's liability on the policy" (Stephen Fogel Psychological, P.C. v
Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]). Thus, as the proof submitted by
defendant in support of its motion as to bills 1 through 13 was sufficient to establish that the
initial and follow-up letters scheduling an EUO had been timely mailed to plaintiff (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]), that plaintiff had failed to appear
for the EUOs (see Stephen Fogel Psychological, P.C., 35 AD3d 720), and that defendant
had timely denied the claims on that ground (see St. Vincent's Hosp. of Richmond., 50
AD3d 1123), defendant was entitled to summary judgment dismissing bills 1 to 13.

Finally, we note that the District Court properly found, in effect, that the $3,253.92 claim
should be dismissed, as it was undisputed that defendant had already paid plaintiff for that claim
in a separate arbitration.

Consequently, based upon our review of so much of the order as was appealed from and
upon the unchallenged findings of the District Court, we conclude that defendant is entitled to
dismissal of the complaint in its entirety.

Accordingly, the order, insofar as appealed from, is reversed, defendant's motion for
summary judgment dismissing the complaint is granted in its entirety and plaintiff's cross motion
for summary judgment is denied in its entirety.

RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: July 22, 2021

Footnotes

Footnote 1: The amount of this claim,
$3,253.92, is approximately the remaining balance of the amount sought in the compliant,
$3,251.81.

Footnote 2: The court also granted
defendant's motion as to "bills #14-16," and plaintiff has not cross-appealed from that part of the
order or submitted a respondent's brief.