Largo 613 Baltic St. Partners LLC v Stern (2022 NY Slip Op 06168)

Largo 613 Baltic St. Partners LLC v Stern

2022 NY Slip Op 06168

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 652986/20 Appeal No. 16590-16590A Case No. 2022-01355 2022-02349 

[*1]Largo 613 Baltic Street Partners LLC, etc., et al., Plaintiffs-Respondents,
v
Michael Stern et al., Defendants-Appellants, John Does 1-5, et al., Defendants, JDS Fourth Avenue LLC, et al., Nominal Defendants. 

Katsky Korins LLP, New York (Adrienne B. Koch of counsel), for appellants.
Blank Rome LLP, New York (Craig M. Flanders and Matthew Treiber of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about March 16, 2022, which, to the extent appealed from, directed defendants to post a $1 million dollar bond for "all the circumstances prevailing for the conduct of the case," despite the court's finding that the requirements for an attachment had not been met under CPLR 6201, unanimously affirmed, with costs.
Order, same court and Justice, entered on or about May 17, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate or modify a separate order (the Extension Denial Order) that had, among other things, denied their request for an extension of time to post the $1 million bond and contained a statement that defendant Michael Stern had committed forgery, and denied defendants' motion for Justice Ostrager's recusal from the action or the reassignment to a different Justice, unanimously affirmed, with costs.
The court acted properly and was within its inherent authority in directing the defendants to post a $1 million bond. The Court of Appeals has imposed a bond where it was necessary to ensure that litigation proceeded efficiently and that the parties adhered to their obligations of litigating in good faith (State of New York v Barone, 74 NY2d 332, 334 [1989]) Further, in DDG Warren, this Court found that Supreme Court had the authority to order a bond to secure both possible damages and the payment of licensing fees (DDG Warren LLC v Assouline Ritz I, LLC, 138 AD3d 539, 540 [1st Dept 2016]). Those cases support the court's authority to order a bond here.
Defendants' reliance on Credit Agricole Indosuez v Rossiyskiy Kredit Bank (94 NY2d 541 [2000]) for the argument that the court improperly resolved the attachment motion by directing defendant to post a bond, despite its finding that the requirements of CPLR 6201 had not been met, is not persuasive. Credit Agricole involved the remedy of an injunction, which is not at issue in this case. Nor did Credit Agricole address the court's inherent authority to fashion its own remedies or to impose a bond. Furthermore, the bond here did not amount to a "sanction," contrary to defendants' assertion. The court specifically denied imposing sanctions. Rather, the bond was imposed as a means of security for attorneys' fees that defendant had incurred with respect to an improper bankruptcy filing, and in an effort to curtail further litigation misconduct, not to otherwise punish defendants. Under the circumstances, the court was well within its power to secure attorneys' fees and protect the "integrity of the proceedings" in the manner it saw fit (Alvarez v Snyder, 264 AD2d 27, 35 [1st Dept 2000], lv denied 95 NY2d 759 [2000], cert denied 531 US 1158 [2001]).
The second order under review denied two separate requests by defendants: that the court vacate or modify the Extension Denial Order and thus remove from the record the improper finding that Stern had committed a forgery, and [*2]that Justice Ostrager either recuse himself or direct that the case be reassigned to a different Commercial Division Justice. As both findings were amply supported, the second order is affirmed.
At the outset, this Court lacks jurisdiction to consider the portion of defendants' appeal from the denial of the motion to vacate. Pursuant to CPLR 5701(a)(3), a party may appeal to this Court as of right from an order refusing to vacate or modify a prior order, but only where the prior order "would have been appealable as of right" pursuant to CPLR 5701(a)(2) if it had been the result of a motion on notice. Here, the Extension Denial Order would not have been appealable as of right if it had been the result of a motion made on notice. The Extension Denial Order was not a substantive ruling, rather it denied defendants' request for an extension of its time to post a bond. The order did not "involve[] some part of the merits" of the case (CPLR 5701[a][2][iv]) or "affect[] a substantial right" (CPLR 5701[a][2][v]) of the parties, or otherwise fit within CPLR 5701(a)(2) such that it would be appealable as of right. It is clear from the face of the Extension Denial Order that Justice Ostrager's statement that Stern had committed forgery was not a finding of fact that will be given precedential weight. At most, the statement can be characterized as dicta or background information in a moot order that will have no bearing on any future adjudication. Regardless, defendants did not meet the standard for vacating or modifying the Extension Denial Order under CPLR 2221(a) or 5019(a). The court was correct in finding that it lacked a proper basis to vacate or modify the Extension Denial Order under the CPLR.
Nor did the court improvidently exercise its discretion in denying defendants' request for recusal or reassignment. Defendants do not contend that any of the mandatory bases for recusal apply. Thus, Justice Ostrager's "discretionary decision" was "within the personal conscience of the court," and should not be overturned absent an abuse of discretion (id., see also Anonymous v Anonymous, 222 AD2d 295, 296 [1st Dept 1995]). As there was no abuse of discretion here, the order is affirmed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022