## Grupo Salinas Telecom, S.A. De C.V. v AT&T Mobility Holdings B.V.

2024 NY Slip Op 31540(U)

April 30, 2024

Supreme Court, New York County

Docket Number: Index No. 652411/2022

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

---------------------------------------------------------------------------------X

GRUPO SALINAS TELECOM, S.A. DE C.V. and GRUPO
SALINAS TELECOM II, S.A. DE C.V.,

                                  Plaintiffs,

                             - v -

AT&T MOBILITY HOLDINGS B.V., and NEW CINGULAR
WIRELESS SERVICES, INC.,

                                  Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652411/2022 |
| **MOTION DATE** | |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 68, 69, 70

were read on this motion to/for               MISCELLANEOUS            .

Upon the foregoing documents, it is

In motion 002, defendants AT&T Mobility Holdings B.V. and New Cingular Wireless Services, Inc. (AT&T) move pursuant to the court's inherent authority under CPLR 3017(a), for an order directing plaintiff Grupo Salinas Telecom, S.A. DE C.V., Grupo Salinas Telecom II, S.A. DE C.V. (Grupo) to post security in the form of a bond in the amount of $7 million to secure damages AT&T seeks in its counterclaims in this action.

The court has "inherent authority" to impose a bond "to ensure that litigation proceed[s] efficiently and that the parties adhere[] to their obligation of litigating in good faith." *(Largo 613 Baltic Street Partners LLC v Stern*, 210 AD3d 430 [1st Dept 2022].)

Defendants' motion is denied because the circumstances here do not in any way approach the severity of the situation in *Largo 613 Baltic Street Partners LLC v Stern*,

**652411/2022   GRUPO SALINAS TELECOM, S.A. DE C.V. ET AL vs. AT&T MOBILITY HOLDINGS B.V. ET AL**
**Motion No.  002**

**Page 1 of 4**

210 AD3d 430 [1st Dept 2022][1], where defendant allegedly forged signatures, removed $2 million from the LLC in which Largo the plaintiff owned 49%, and filed bankruptcies allegedly for procedural posturing reasons, without informing the court, and then settled by allegedly conflicted counsel. (NYSCEF 171, March 15, 2022, tr 27:8-24, 36:3-4, 34:13-25 in *Largo v Stern*, 652986/2020.) Defendant refused to produce phone records in response to plaintiff's discovery demands in *Largo*. (*Id.* tr 9:19-25; 10:1-11:4.) All of defendant's and their attorney's efforts had the effect of delaying the case for over a year and increasing plaintiff's costs. (*Id.* tr 4:20-25, 5:1-6, 8:12-19, 20:19-25, 35:1-12.) While Justice Ostrager denied an attachment, sanctions, and attorneys' fees, he granted a bond to secure the anticipated attorneys' fees "based on all the circumstances prevailing for the conduct of the case, including the alleged improper conduct of the Kasowitz firm and the alleged improper bankruptcy filing, the Court directs defendants to post a $1 million bond within ten business days." (NYSCEF 162, March 15, 2022 Decision in *Largo v Stern*, 652986/2020, aff'd 210 AD3d 430, 431 (1st Dept 2022.) On the record, Justice Ostrager explained "[t]he bond is for a whole cacophony of alleged and apparent sins." (NYSCEF 171, March 15, 2022, tr 37:1-2 in *Largo v Stern*, 652986/2020.)

Here, we have Grupo refusing to pay the judgment in another case before this

---

[1] See also *State v Barone*, 74 NY2d 332, 338 (1989) ("The disdain for numerous DEC warnings, the violation of the temporary restraining order, the subsequent use of industrial waste as landfill cover in direct violation of the interim court order, and the adjudicated "stonewalling" of the investigation all combined to support the court's dubiety that defendants would fulfill their decreed obligations. The imposition of a bond as security in these extraordinary circumstances was, at the very least, not an abusive exercise of the court's power.")

652411/2022 GRUPO SALINAS TELECOM, S.A. DE C.V. ET AL vs. AT&T MOBILITY HOLDINGS B.V. ET AL
Motion No. 002

Page 2 of 4

2 of 4

court with the same parties (650330/2020)[2] and a history of refusing to pay judgments and making public statements espousing its pride for failing to pay its judgments. (See, e.g., NYSCEF 55, February 10, 2021 Infobae article wherein Grupo's chairman declared he "won't pay even a radish's worth" after a Grupo affiliate was found to owe the SAT over $200 million in tax liability; NYSCEF 56, February 25, 2022 El Contribuyente article wherein Grupo's chairman compared the SAT to a picture of a mouse in princess costume; NYSCEF 12 Counterclaims ¶¶ 30-57 delineating Grupo's efforts within the Mexican Court system to avoid payment of Unefon's tax liability, notwithstanding repeated rulings by Mexico's Supreme Court upholding that liability). After a bench trial, this court rendered a judgment for over $20 million against Grupo. (NYSCEF 577, November 29, 2023 Judgment.) Grupo has appealed the trial decision. (NYSCEF 579, Notice of Appeal.) Grupo insists on putting its adversaries through the judgment enforcement process. (See Enforcement of Judgments § 66:1. Scope note, 4B N.Y. Prac., Com. Litig. in New York State Courts § 66:1 [5th ed.].) As to the appeal, under CPLR 5519, Grupo has the option of paying a bond or insisting that AT&T engage in the judgment enforcement process. To be clear, this court does not condone Grupo's failure to pay the judgment in the AT&T action (650330/2020). However, it is premature to secure Grupo's payment of AT&T's damages in this action where the parties have just completed document production.

---

[2] *AT&T Mobility Holdings B.V. v. Grupo Salinas Telecom, S.A. de C.V. et al.*

**652411/2022   GRUPO SALINAS TELECOM, S.A. DE C.V. ET AL vs. AT&T MOBILITY HOLDINGS
B.V. ET AL
Motion No.  002**

**Page 3 of 4**

3 of 4

Accordingly, it is

ORDERED that defendants' motion 002 is denied.

|  |  |
|---|---|
| **4/30/2024** | |
| **DATE** | **ANDREA MASLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | **X** DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**652411/2022   GRUPO SALINAS TELECOM, S.A. DE C.V. ET AL vs. AT&T MOBILITY HOLDINGS B.V. ET AL**
**Motion No.  002**

**Page 4 of 4**

4 of 4